### UNITED STATES v. MAHER.
### Cr. Nos. 4293, 4395.

United States District Court
D. Maine, N. D.

Feb. 14, 1950.

None, for plaintiff.

Defendant pro se.

CLIFFORD, District Judge.

This is a motion to vacate and set aside the judgment entered in Criminal No. 4395, Northern Division, on November 26, 1946, accompanied by an affidavit of bias or prejudice.

Although a motion to vacate had been previously filed and denied, the present motion merits the attention of the court because of the question raised in the affidavit of bias or prejudice concerning the propriety of this court to act on defendant's motion to vacate judgment; and the only determination to be made at this time is whether or not this court is disqualified from acting on defendant's motion.

On November 26, 1946, the defendant, Maher, was found to have violated the conditions of probation imposed as a result of a previous conviction in Criminal No. 4293; and it was ordered that the original sentence of three years, imposed June 19, 1945, be executed and that defendant stand committed in execution of sentence. This sentence has been served by defendant.

On the same day, defendant after being advised of his rights, signed a waiver of prosecution by indictment and consent to proceed by information, in Criminal No. 4395. Defendant was arraigned on November 26, 1946, entered a plea of "Guilty" to the offenses charged in the information,

and was sentenced to imprisonment for a term of two years, said sentence to begin at the expiration of the sentence of three years ordered executed that day in Criminal No. 4293. Defendant's motion to vacate is in connection with the two-year sentence imposed in Criminal No. 4395, which sentence the defendant is now serving.

The present issue is whether the judge of this court should be disqualified from acting upon the motion to vacate judgment, due to the fact that he was the United States Attorney for the District of Maine when the defendant was convicted and sentenced.

Title 28 U.S.C.A. § 507, provides that: "Except as otherwise provided by law, it shall be the duty of each United States attorney, within his district, to prosecute for all offenses against the United States * * *".

Section 455 of Title 28 U.S.C.A. provides that: "Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein."

Since defendant waived prosecution by indictment in Criminal No. 4395, and pleaded guilty to an information, this court took no active part in the proceedings, except perhaps as United States Attorney he may have signed the information and moved for arraignment and sentence of defendant.

However, although this court feels it could act fairly and impartially to the defendant, it is of the opinion that Title 28 U.S.C.A. § 455, compels a judge of a United States District Court to disqualify himself whenever he has been of counsel for either party in the case before him, and that Title 28 U.S.C.A. § 507, leaves no doubt that a United States Attorney is "of counsel" for the United States in all criminal cases in his district. See United States v. Vasilick, 3 Cir., 1947, 160 F.2d 631.

It is therefore, Ordered, that the clerk of this court enter upon the records the fact that the judge of this court has disqualified himself from acting on the motion to vacate judgment in Criminal No. 4395.

It is further Ordered that an authenticated copy of this order be forthwith certified to the chief judge of the United States Court of Appeals for the First Circuit, for the purpose of designating and assigning another district judge to act in this case, or for such further proceedings on the motion to vacate judgment, as he may direct.