### UNITED STATES v. MAHER.

Cr. Nos. 4293, 4395.

United States District Court
D. Maine, N. D.
March 4, 1950.

Defendant filed his own motion.

No one appeared for the government, since Judge Woodbury made his decision from the examination of the records and files in the case without any formal hearing.

WOODBURY, Circuit Judge.

This is a motion under 28 U.S.C.A. § 2255 by a prisoner held in custody under sentence of the United States District Court for the District of Maine (Peters, District Judge), to vacate, set aside or correct the sentence in Criminal No. 4395, above, on the ground that it was imposed in violation of the laws of the United States. It is before me pursuant to the special designation and assignment of the Chief Judge of the United States Court of Appeals for this circuit acting under 28 U.S.C.A. § 291 (c); the present Judge of the United States District Court for the District of Maine (Clifford, J.) having, on the prisoner's motion, disqualified himself pursuant to the requirement of 28 U.S.C.A. § 455, for the reason that at the time the sentence was imposed he was the United States Attorney for the above district and hence was of counsel in the case, D.C., 88 F.Supp. 1007.

The motion and the files and records disclose the following facts.

On June 13, 1945, the prisoner, Martin Edward Maher, was indicted by a grand jury in the United States District Court for the District of Maine, Northern Division, in three counts. In the first count he was charged with transporting an automo-

bile from Santa Barbara, California, to Bangor, Maine, knowing the same to have been stolen, in violation of 18 U.S.C. (1940 Ed.) § 408 [Revised Criminal Code, 18 U.S.C.A. §§ 2311–2313]; in the second count he was charged with unlawfully assuming and pretending to be a United States Naval Officer, and thereby obtaining gasoline from a United States Army Base in Bangor, Maine, in violation of *id.* § 76 [Revised Criminal Code, 18 U.S.C.A. § 912]; and in the third count he was charged with unlawfully wearing the duly prescribed uniform of a United States Naval Officer, also in Bangor, Maine, in violation of 10 U.S.C.A. § 1393. Upon arraignment on June 19, 1945, the third count of the indictment was dismissed by order of the court, and, pleading guilty on the other two counts, he was sentenced to imprisonment for one year and one day, to stand committed, on the second count, and to imprisonment for three years on the first count. Execution of this latter sentence on the first count, however, was suspended, and the prisoner was placed on probation for four years from the time of his release from the institution of his confinement in execution of the sentence imposed on the second count.

The prisoner was released from confinement in execution of the sentence imposed under count two of the indictment on April 8, 1946, but on July 3 of that year the Chief United States Probation Officer for the District of Maine filed in this court a praecipe for capias for revocation of probation against the prisoner, and on the same day the court issued a warrant for his arrest. There is no return on this warrant in the file. But the prisoner alleges in his motion that he was arrested on September 13, 1946, in Detroit, Michigan, and "That such arrest was made under the authority of warrant of arrest issued by District Court of Maine, on July 3, 1946, and on a further charge of Impersonation of an Army Officer, for which Defendant received a suspended sentence in the United States District Court at Detroit, Michigan."

It is stated in a memorandum, or resume of proceedings, furnished me by Mr. Cox, the clerk of this court, that "It appears from various correspondence" that after the prisoner's arrest in Michigan on September 13, 1946, he "was held in Detroit, Michigan until October 29, 1946, when he was found guilty of the charge of illegally wearing a uniform, and was sentenced to serve a term of six months. The sentence was suspended for a period of two years, and defendant was turned over to the custody of the United States Marshal for removal to the District of Maine on the probation violation warrant. Defendant was removed to the District of Maine, arriving at the Cumberland County Jail on November 14, 1946." I accept these statements of detail by the clerk with respect to the proceedings in Michigan as accurate, even though not specifically substantiated in the files and records, since there is nothing in the motion, files or records in the case tending to contradict them, and since the details of the prisoner's detention in Michigan are not important to the disposition of any legal issue before me on the instant motion. For whatever may have occurred in Michigan, the prisoner in the motion before me states as a fact that he "was transported from the District of Michigan, at Detroit, to the District of Maine, at Bangor, under the authority of the Warrant of Arrest issued July 3, 1946, by the District Court of Maine," and it appears from the records that on November 26, 1946, the prisoner was brought before Judge Peters, sitting in the Northern Division at Bangor, who found that the prisoner had violated the terms of his probation, and in consequence ordered "that the original sentence of three years imposed June 19, 1945 on count one of indictment be executed, and said defendant committed to the custody of the Attorney General or his authorized representative and that said defendant stand committed in execution of said sentence."

These proceedings were all had in Criminal No. 4293. The proceedings in Criminal No. 4395 were as follows:

On the same day, November 26, 1946, the prisoner was also arraigned before Judge Peters in the Northern Division of this court, and pleaded guilty to a criminal information in five counts, in three of which

he was charged with transporting three described automobiles on specific dates in July, August and September, 1946, from points outside of Maine to Lewiston, Portland, and Cape Elizabeth, respectively, in that state, knowing the same to have been stolen; in another with falsely representing himself at Fort Williams, Cape Elizabeth, as a United States Army Officer, and thereby obtaining an automobile tire from the United States Army, and in the fifth with unlawfully wearing the duly prescribed uniform of a United States Army Officer, also at Cape Elizabeth. It appears from the documents on file that this information was originally brought in the Southern Division, but that the prisoner agreed and stipulated in writing that it might be transferred to the Northern Division; that the prisoner in open court signed a waiver of prosecution by indictment and consent to be proceeded against by information with respect to the above charges after the same had been explained to him and he had been advised of his rights, and that he elected to proceed without counsel after being fully informed of his right to have counsel appointed for him by the court. On his plea of guilty to the charges in the information the court ordered the prisoner committed to the custody of the Attorney General, or his authorized representative, for imprisonment for two years "said sentence to begin at the expiration of sentence of three years ordered executed this 26th day of November 1946 in Indictment No. 4293, said defendant to stand committed in execution of said sentence." The prisoner is now serving this latter two year sentence having completed the three year sentence imposed in No. 4293.

On May 27, 1949, the prisoner filed in this court a "Motion to Vacate Judgment", the purport of which was to request that the three year sentence imposed on November 26, 1946, in No. 4293, and the two year sentence imposed on the same day in No. 4395, be made to run concurrently instead of consecutively in order to effect the prisoner's earlier release—the prisoner alleging in his motion that he had developed a sense of responsibility and learned a profitable trade while in confinement, as a result of which "he is now well fitted to face life in reality and earn his own way." The court, Clifford, J., on June 14, 1949, denied this motion on the ground that the time for reduction of sentence specified in Rule 35 of the Rules of Criminal Procedure, 18 U.S.C.A. had long since passed, and for the further reason that it appeared that the offenses charged in No. 4395 were not the basis for the charge of violating probation in No. 4293, and moreover that the imposition of consecutive rather than concurrent sentences was a matter entirely within the discretion of the court which had imposed the sentences.

The prisoner's next move was to file a motion in this court on July 15, 1949, for correction of sentence under 28 U.S.C.A. § 2255. In this motion the prisoner "deposes and says, that he was taken into Federal custody on the afternoon of September 13th, 1946 at Detroit, Michigan, and that he was detained under the authority of a 'Fugitive from Justice Warrant' issued as a result of violation of a probation sentence (Criminal Case No. 4293) imposed by the District Court of Maine, Northern Division, during the June term of 1945." The prisoner then "further states that he was held in Federal custody by the United States Marshal at Detroit, Michigan before being returned to the said District Court of Maine, Northern Division, and the original sentence of three years, which had been suspended, by the Court during probation, was ordered executed. Seventy-four days passed between date of arrest and date sentence was ordered executed." Wherefore the prisoner "submits that on the date of arrest by United States Marshal (September 13, 1946) the suspended three year sentence became automatically effective and in force" by virtue of 18 U.S.C.A. § 709a.

Following this the motion continues with the allegation that the prisoner "was not at any time arraigned before a United States Commissioner, on his status as a probation violator, nor was any bail set on this particular violation; in other words, the Defendant was very surely denied the opportunity of being admitted to bail, on the grounds that he was then and there in service of the three year prison sentence by virtue of the probation violation and conditions imposed in original judgment

of same." The motion then concludes as follows: "Defendant states that his confinement in Federal custody was continuous from date of arrest (September 13, 1946) to date of arraignment (November 26, 1946) and continued to present date. That the sentence for violation of probation, ordered executed on November 26, 1946 was in effect under the sentence of the Court of original jurisdiction, in June, 1945. And that he is therefore entitled to have present term of imprisonment computed from September 13, 1946, date of arrest and for this the defendant motions for Correction of Sentence."

This court on August 10, 1949, per Clifford, J., entered an order denying this motion on the ground "that the provisions of new Title 18, Section 3568 apply only after sentence has been imposed and Defendant committed in execution of sentence, and that there is no basis under said section for the Defendant's contention that his sentence should be computed from the date of his arrest". The prisoner was promptly notified of this disposition of his motion. He made a "final appeal" for reconsideration of the above order by letter to Judge Clifford dated December 15, 1949, but his plea was denied in a lengthy explanatory letter addressed by the clerk of this court to the prisoner at the request of Judge Clifford.

The prisoner's next step was to file on February 9 of this year another motion under 28 U.S.C.A. § 2255 to vacate and set aside the sentence in No. 4395, and with this motion he also filed an Affidavit of Bias or Prejudice with respect to Judge Clifford grounded on the fact that Judge Clifford had been United States Attorney for the District of Maine at the time the prisoner was sentenced, and hence "has a particular interest in the matter which would render it improper for him to hear any motion for relief filed in my behalf." Copies of the motion and affidavit were also filed with the clerk of the United States Court of Appeals for this circuit, and Judge Clifford, as appears at the outset of this opinion, disqualified himself and I was duly designated and assigned to act upon the motion in his place and stead.

This motion, after quoting copiously from the statute on which it is based, 28 U.S.C.A. § 2255, gives a summary of the facts which are stated in more detail above, and then the assertion is made "that Defendant did not appear before a United States Commissioner, at any time, in Criminal No. 4395, Northern Division, nor was he taken before any other Officer empowered to act as United States Commissioner: That Defendant was denied his right to have a preliminary examination: That probable cause was not found to hold him for the District Court: That the District Court was without jurisdiction in Criminal No. 4395;" wherefore it is asserted that "the sentence imposed was an illegal sentence and is vulnerable to collateral attack." Following this Rule 5 of the Federal Rules of Criminal Procedure dealing with proceedings before commissioners is quoted from extensively, and the allegation is repeated that the prisoner was not given a preliminary hearing before a commissioner prior to his arraignment in No. 4395, wherefore it is said that probable cause was not found for holding him to answer in the District Court in that case, and the assertion is made that in consequence the two year sentence therein was imposed "without due process of law." In addition to the foregoing the prisoner says that he "was denied his right to be admitted to bail and submits this fact in still further evidence that he was sentenced to a term of two years imprisonment, in Criminal No. 4395, Northern Division, without due process of law." The next paragraph of importance is as follows: "As it has been shown in the aforegoing; Defendants rights have been flagrantly and openly violated: He has been denied his right to a preliminary hearing: Probable cause was not found, to hold him, in Criminal No. 4395, Northern Division, to answer in the District Court: Yet he was arraigned and sentenced to an additional term of two years imprisonment: That he was also denied his right to be admitted to bail and was not accredited with the time he was held in custody before arraignment in the District Court; he has been denied many rights by the Court and, although he has nearly com-

pleted serving both sentences imposed by the Court on November 26, 1946, in Criminal Nos. 4293 and 4395, he now seeks to have these wrongs corrected."

The balance of the motion does not call for recitation here.

I have stated the motion at some length to show what it is *not*, fully as much as to show what it *is*.

It is not a motion to vacate the three year sentence imposed upon revocation of probation in No. 4293 on the ground that the prisoner was not taken before a commissioner, and proceedings had before such an officer, following the prisoner's arrest on the warrant of arrest of July 3, 1946, which this court issued on the Chief Probation Officer's praecipe for capias of the same date. Such a contention was obliquely hinted at, but by no means squarely presented, in the prisoner's motion of July 15, last, but apparently the prisoner does not care to pursue it. In this it seems to me that he is well advised, for 18 U.S.C.A. § 3653 specifically provides that upon an arrest for violation of probation, the probationer shall forthwith be taken, not before a commissioner, but before the court, and there is no allegation that this was not done with reasonable promptness following the proceedings in Michigan. Nor is the instant motion one to set aside or vacate the sentence in No. 4395 on the ground that the prosecution of that case. by information was not in accordance with the provisions of Rule 7 of the Federal Rules of Criminal Procedure. The prisoner does not suggest that his waiver of prosecution by indictment was not in open court after he had been advised of the nature of the charges against him and of his rights, as Rule 7 (b) requires, and as indicated in the record, nor does he suggest that he had been overreached or hoodwinked in any way by the prosecuting officials, or that in doing what he did he was unaware of the nature of his action or of its legal consequences. Neither does the prisoner claim that his election to proceed without counsel was made in ignorance of his right to representation by counsel appointed by the court.

The motion in substance is to set aside and vacate the sentence in No. 4395 on the ground that it was imposed without due process of law for the reason that although the proceeding was properly by information in accordance with Rule 7, the prisoner, prior to arraignment on the information, had not been taken before a commissioner, given a preliminary examination, and probable cause found for holding him, as required by Rule 5.

█ The motion springs from a misconception of the function and purpose of proceeding in criminal cases by information rather than by indictment. Procedure by information in felony cases, as the notes to Rule 7 clearly indicate, was designed for the benefit of offenders who, having no defense, wish to plead guilty and start service of sentence without wasting time, in jail if they are unable to raise bail, awaiting indictment by a grand jury. See Barkman v. Sanford, 5 Cir., 162 F.2d 592, 594. And the oath of office of the United States Attorney who signs the information is adequate basis for the court's conclusion that there is probable cause for the accusations made therein. Albrecht v. United States, 273 U.S. 1, 6, 47 S.Ct. 250, 71 L.Ed. 505. In short, the function and purpose of proceeding by information is to expedite matters for the benefit of offenders who desire expedition, so the question of probable cause is presented directly to the court with the question of guilt, and hence preliminary proceedings before a commissioner to determine probable cause are wholly unnecessary. If the prisoner, for some purpose of his own, had desired to appear before a commissioner for a preliminary determination of probable cause, he could have declined to waive his right to be proceeded against by indictment, but in that event disposition of his case would have been postponed, perhaps for a considerable period of time. Having, apparently with full knowledge of the consequences, elected to be proceeded against expeditiously. by information, which from his plea of guilty would seem to have been definitely to his advantage (he does not even now suggest any defense to the charges made against him in the information or that he would

have benefited in any way by delay) he can hardly be heard to complain at this time for failure to hail him before a commissioner with the delay that would have entailed. His contention that he was denied bail in No. 4395 is obviously without merit. Having pleaded guilty to the information in that case on the day it was filed, and having been sentenced without objection on his part, also on the same day, there was no occasion for bail. Indeed he does not even allege that he could have raised bail if bail had been set, and moreover it is now far too late to raise any question with respect to bail.

If the further question is before me, which I very much doubt, of the prisoner's right to have the seventy-four days which elapsed between his arrest in Michigan on September 13, 1946, and his appearance in this court sitting in Bangor on November 26, 1946, reckoned in computing the three year sentence imposed following revocation of probation in No. 4293, it will suffice to say that in my opinion the question is answered adversely to the prisoner by the express terms of 18 U.S.C.A. § 3568.

Since the motion and the files and records conclusively show that the prisoner is not entitled to relief, there is no occasion for a hearing.

It is therefore upon consideration ordered and adjudged that the prisoner's motion under 28 U.S.C.A. § 2255 to vacate, set aside or correct either the sentence imposed in No. 4293, or in No. 4395 be, and the same hereby is, denied.