**UNITED STATES of America, Plaintiff-Appellee,**

v.

**McKinley WILSON, Defendant-Appellant.**

**No. 19984.**

United States Court of Appeals, Sixth Circuit.

May 28, 1970.

Gerald S. Clay (court appointed), Detroit, Mich., for defendant-appellant; Howard Rosenberg, Detroit, Mich., of counsel.

Terrance Jolly, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee; James H. Brickley, U. S. Atty., Ralph B. Guy, Chief Asst. U. S. Atty., Detroit, Mich., on the brief.

Before EDWARDS, PECK and BROOKS, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant was indicted for aiding and abetting a bank embezzlement, in violation of 18 U.S.C. §§ 656, 1005 and 2 (1964). At his arraignment he was informed by the United States District Judge that he (the Judge) had been United States Attorney at the time of the offense. The District Judge then asked the defendant whether or not he wished to have his case presented before another Judge. The defendant thereupon entered what we deem to be a clear and voluntary waiver on this point.

The District Judge proceeded thereafter to enter appellant's plea of guilty and subsequently to sentence him.

Some months after these proceedings, however, this court decided United States v. Amerine, 411 F.2d 1130 (6th Cir. 1969). We there held that the statute, 28 U.S.C. § 455 (1964), requiring a District Judge to disqualify himself in cases where he had been of counsel was mandatory and that questions of prejudice or waiver were not relevant. On first view this holding would appear to require vacation of the judgment in the instant case and a remand of the case for further proceedings before another Judge.

We note from the docket entries, however, that the offense is alleged to have been committed on November 4, 1966, and that the indictment was returned December 17, 1968. The District Judge made reference to being the United States District Attorney only upon the former date. He told the appellant, "Though I knew nothing about these facts of this case, I was the United States

Attorney at that time and in charge of the investigation." The indictment shows that Robert J. Grace was the United States Attorney on the date of issuance of the indictment.

 In the *Amerine* case we held that the disqualification rule of 28 U.S.C. § 455 (1964) applies mandatorily to the situation where the trial judge has previously been "of counsel" in the same "case." We are not inclined to extend the mandatory disqualification holding of *Amerine* to require a Judge to disqualify himself without regard to prejudice because of some prior general supervisory responsibilities as United States Attorney over all federal criminal investigations in his district.

A "case" does not, of course, necessarily come into being with the happening of the offense. The critical point for *mandatory* disqualification is, we think, the initiation of the prosecution. For purposes of 28 U.S.C. § 455, we believe that a "case" begins with the first formal prosecutorial proceeding (arrest, complaint or indictment) which is designed to bring a named alleged offender before the court.

The record currently before us does not allow for a conclusive determination as to when in relation to the District Judge's term of office as United States Attorney this "case" was initiated. It may well be that the District Judge was clearly never "of counsel" in this "case" within the meaning of 28 U.S.C. § 455. Or, as in *Amerine*, there might have been a prior complaint about this same offense and offender during the present Judge's term as United States District Attorney.

In addition, some consideration of the facts pertaining to any possible disqualification under the other clauses of § 455 may be warranted.[1] *See* Adams v. United States, 302 F.2d 307 (5th Cir.

1962). (Majority and dissenting opinions).

The case is remanded to the District Court for any necessary implementation of the record and for further consideration of the disqualification issues under the holding of United States v. Amerine, *supra*, and this opinion.

---

1. "Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, * * * or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein." 28 U.S.C. § 455 (1964).