Alfred Ray BRADSHAW,
Petitioner-Appellee,

v.

O.L. McCOTTER, Director, Texas Department of Corrections, Respondent-Appellant.

No. 85–2262.

United States Court of Appeals, Fifth Circuit.

April 4, 1986.

Charles Palmer, Daniel Zeman, Jr., Asst. Attys. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellant.

Bryce J. Denny, Sherman, Tex., for petitioner-appellee.

Before GEE and WILLIAMS, Circuit Judges, and HINOJOSA *, District Judge.

JERRE S. WILLIAMS, Circuit Judge:

Appellee, Alfred Ray Bradshaw, appealed his conviction for burglary to the Texas Court of Criminal Appeals. Sitting on the panel which considered his appeal was Judge Jim Vollers. Vollers had been the Texas State Prosecuting Attorney at the time of appellee's conviction and the filing of his appeal and his name appears as State Prosecuting Attorney on the state's brief in the appeal.

Appellee's petition for habeas corpus under 28 U.S.C. § 2254 based upon these facts was granted by the district court. Its decision ordered that Bradshaw be released within ninety days unless he was granted an out-of-time appeal or a new trial. Appellant O.L. McCotter, Director of the Texas Department of Corrections, seeks our review of this decision.

## I.

A jury convicted Bradshaw in April, 1977, of burglary. The jury subsequently sentenced him to life imprisonment. Bradshaw's conviction was affirmed by the Texas Court of Criminal Appeals. *Bradshaw v. State*, 574 S.W.2d 773 (Tex.Crim.App. 1978). Bradshaw subsequently filed an application for a writ of habeas corpus in the state courts that was also denied. *Ex parte Bradshaw*, application no. 7293 (Tex. Crim.App. Dec. 23, 1981).

In January, 1982, Bradshaw petitioned the United States District Court for the Eastern District of Texas for a writ of habeas corpus. Bradshaw's case was referred to Magistrate Roger D. Sanders. In November, 1984, Magistrate Sanders filed a report recommending that Bradshaw be granted an out-of-time appeal or a new trial. Bradshaw's petition was then recommitted to Magistrate Houston Abel for further study. In February, 1985, Magistrate Abel agreed with Magistrate Sander's prior recommendation. In March, 1985, the district court adopted the magistrates' recommendations and granted Bradshaw's petition conditionally, directing appellant to release Bradshaw within ninety days unless he was provided a new appeal or a new trial. The district court's judgment has been stayed pending this appeal.

The sole issue in this case centers around the situation of Judge Vollers. In Judge Vollers' role as Texas State Prosecuting Attorney, he assisted local prosecutors throughout Texas on criminal cases. In this way, Vollers and his staff provided expertise and additional manpower to local prosecutors who requested it.

* District Judge of the Southern District of Texas, sitting by designation.

When Vollers became a judge on the Court of Criminal Appeals, he established for himself a recusal rule. He would not participate in any appeal in which he had had any role as state prosecutor. After examining the briefs and the record in Bradshaw's case, Vollers concluded that he had not participated in this case in any fashion whatsoever. Vollers' statement is corroborated by John Morris, District Attorney of Fannin County at the time Bradshaw was convicted. Morris alone prepared and tried Bradshaw's case. Vollers' name was placed on the prosecuting attorney's brief ostensibly as a matter of courtesy and protocol. Vollers asserts that under his own recusal rule he would have disqualified himself from hearing Bradshaw's appeal had he participated in Bradshaw's prosecution in any manner.

## II.

■ The Fourteenth Amendment guarantees a criminal defendant the right to an impartial and disinterested tribunal. *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242, 100 S.Ct. 1610, 1613, 64 L.Ed.2d 182 (1980). This right applies not only at the trial level, but also to the fairness of the appellate panel to which a defendant may appeal as a matter of right. *Cf. Evitts v. Lucey*, —— U.S. ——, 105 S.Ct. 830, 839, 83 L.Ed.2d 821 (1985). Under Texas law, Bradshaw's appeal was as a matter of right. Tex.Crim. Proc. Code art. 4.03.

■ A fair tribunal requires not only "an absence of actual bias ... [b]ut to perform its high function in the best way 'justice must satisfy the appearance of justice.'" *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955), quoting *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 13, 99 L.Ed. 11 (1954); *Rapp v. Van Dusen*, 350 F.2d 806, 812 (3d Cir.1965). A defendant's right to an impartial tribunal is violated when a judge deciding his case may have a direct interest against him. *See Tumey v. Ohio*, 273 U.S. 510, 523, 47 S.Ct. 437, 441, 71 L.Ed. 749 (1927).

■ Whether or not Vollers actually participated in Bradshaw's prosecution must be found to be immaterial. The appearance of Vollers' name on the prosecuting attorney's brief undermined a fundamental aspect of our criminal justice system: a judge's neutrality. The separation between the roles of prosecutor and judge must be certain and inflexible. *See Ruiz v. Estelle*, 679 F.2d 1115, 1129, *aff'd in part, vacated in part*, 688 F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983). We can only conclude that Bradshaw had valid reason to feel that his appeal was being decided by a judge who played a part in his prosecution. Further, in the eyes of the public the impartiality of justice is shattered. There can be no footnote explanation accompanying every possible instance where the public might discover that the same person is listed as a prosecutor and later as a judge in the same case. We find that Vollers should have disqualified himself in this case.

■ There is no need to show prejudice. The overt facts of this case show that the probability of prejudice on the "part of the judge ... is too high to be constitutionally tolerable." *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 715 (1975). Inasmuch as Judge Vollers' situation went to the very core of our judicial system's integrity, it cannot be considered harmless. *See Chapman v. California*, 386 U.S. 18, 23 & n. 8, 87 S.Ct. 824, 827 & n. 8, 17 L.Ed.2d 705 (1967); *Tumey*, 273 U.S. at 535, 47 S.Ct. at 445.

The judgment of the district court is affirmed. As there is no challenge to Bradshaw's original conviction, we see no need to order a new trial. The prosecuting attorney, however, may pursue that option if he wishes. A writ of habeas corpus shall be conditionally granted ordering appellant to release Bradshaw within ninety days unless within that time he is afforded an

out-of-time appeal or steps leading to a new trial are instituted.

AFFIRMED.