**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Johnny Walter GIPSON,
Defendant-Appellant.**

No. 87–1032.

United States Court of Appeals,
Tenth Circuit.

Jan. 4, 1988.

Robert Mydans, Asst. U.S. Atty. (William S. Price, U.S. Atty., and Mark D. McBride, Asst. U.S. Atty., on the brief), Oklahoma City, Okl., for plaintiff-appellee.

Marjorie Ramana (Allan DeVore, on the brief), The DeVore Law Firm, P.C., Oklahoma City, Okl., for defendant-appellant.

Before LOGAN and MOORE, Circuit Judges, and ANDERSON, District Judge.*

JOHN P. MOORE, Circuit Judge.

This appeal raises the issue of whether an unconditional guilty plea constitutes a waiver of the right to appeal from the denial of a motion seeking recusal of a trial judge pursuant to 28 U.S.C. § 455. We hold that the plea constitutes a waiver of the denial of recusal under § 455(a) but not under § 455(b). We conclude, however, because the trial judge had no real prior association with the defendant, there were no grounds in this case for recusal under § 455(b); therefore, we affirm.

Following indictment, defendant sought removal of the trial judge on the grounds the judge had been the United States Attorney at a time when defendant had been convicted of an offense similar to those for which he stood charged. Mr. Gipson took the position that given the similarity between the cases and interests maintained by the judge when he held the prior office, the judge could not be impartial. Before ruling upon the motion, the trial court undertook an inquiry into the facts and thereafter concluded he had taken no part in the preparation or prosecution of the first case.

On the basis that his connection with the original case against Mr. Gipson was nominal and incidental, the trial court denied the motion to recuse.

Defendant Gipson then entered an unconditional plea of guilty. Now apparently unhappy with the sentence he received, he seeks to appeal the denial of his motion to recuse.

I.

The first question we must consider is whether defendant's guilty plea has affected his right to appeal. We conclude because of the differing nature of the grounds for recusal set forth in § 455, the question has two answers.

We start our analysis with recognition that entry of an unconditional plea of guilty ordinarily constitutes a waiver of all nonjurisdictional defects in the proceeding. 1 C. Wright, *Federal Practice and Procedure* § 175, at 624 (1982); *also see United States v. Carrasco*, 786 F.2d 1452 (9th Cir. 1986). Additionally, however, we have said that waiver does not occur when the defect urged on appeal lies at the heart of the government's right to institute proceedings against the defendant. *United States v. Broce*, 781 F.2d 792 (10th Cir.1986).

Within this matrix, it can be seen that unless the recusal of the trial judge is somehow imbued with the attributes of jurisdiction, the voluntary plea of guilty has obviated the recusal issue for appeal.[1] We find the solution to this problem within the context of § 455 itself.

The operative provisions of the statute are divided into two subsections. Subsection (a) states: "Any ... judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This provision establishes an objective test for disqualification. "It asks what a reasonable person knowing all the relevant facts would think about the impar-

---

* Honorable Aldon J. Anderson, United States District Judge for the District of Utah, sitting by designation.

**1.** Defendant did not attempt a conditional guilty plea in accordance with Fed.R.Crim.P. 11(a)(2).

The authority he relies upon to avoid application of this waiver doctrine is unpersuasive because none deals with "nonjurisdictional" issues.

tiality of the judge." *Roberts v. Bailar,* 625 F.2d 125, 129 (6th Cir.1980). The statute imposes a *sua sponte* duty upon the judge to recuse himself if there is a reasonable factual basis for doubting the judge's impartiality. *Id.* Subsection 455(a) applies to the varied and unpredictable situations not subject to reasonable legislative definition in which judges must act to protect the very *appearance* of impartiality.

By contrast, § 455(b) applies to instances in which the existence of specific circumstances suggest the *fact* of impartiality and thus mandate recusal. The portion of § 455(b) applicable here, for example, states: "He shall also disqualify ... [w]here he has served in governmental employment and in such capacity participated as counsel ... concerning the proceeding."

Viewing subsections 455(a) and (b) together, we come to the conclusion that a judge must recuse himself when two kinds of circumstances are present. First, recusal is mandatory when any fact reasonably suggests the judge appears to lack impartiality. Second, recusal is mandatory when past or present associations of the judge specifically enumerated in § 455(b) create the presumption the judge lacks impartiality. If either circumstance exists, recusal is mandatory.

Given the mandatory aspect of recusal under these conditions, one must question, for the purpose of our inquiry, whether a party can relieve the judge of the burden of disqualification. If a party can waive recusal, it would follow that denial of recusal is a pretrial defect which is sublimated within a guilty plea and thereafter unavailable as an issue for appeal. Once again, the answer to the problem lies within the statute itself.

In 28 U.S.C. § 455(e), the Congress has provided:

> No ... judge ... shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsec-

tion (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

In the context of the issue before us, we believe § 455(e) creates what is tantamount to a "jurisdictional" limitation on the authority of a judge to participate in a given case. Thus we have a dichotomous situation in which parties are permitted to waive the *appearance* of judicial partiality while they are prohibited from waiving the *fact* of partiality presumed from a judge's prior specific associations.

Applying that conclusion here, we hold that when the defendant entered his plea of guilty without seeking to preserve the issue raised by his § 455(a) motion, he waived his right to appeal the denial of recusal based upon the judge's *appearance* of impartiality.[2] By contrast, however, because of the prohibition of waiver created by 28 U.S.C. § 455(e), the plea of guilty did not affect defendant's right to appeal the trial court's denial of recusal under § 455(b)(3).

## II.

We next turn to the question of whether the trial judge was required to recuse himself merely because he held the office of United States Attorney at the time when, and in the district where, defendant's first prosecution took place. In our opinion, the answer to this question lies within the meaning of the words, "served in governmental employment and in such capacity participated as counsel." 28 U.S. C. § 455(b)(3).

Defendant argues that disqualification is mandatory under this section because the trial judge was "of counsel" when defendant's first case was filed. In support of this contention, defendant relies upon *United States v. Amerine,* 411 F.2d 1130 (6th Cir.1969). This case lends little support, however, because § 455 has been significantly amended since *Amerine* was decided.

---

**2.** We gratuitously suggest, however, hindsight (the essence of judgmental perfection) indicates the trial court could not have been faulted had

it granted the motion. *Compare Bradshaw v. McCotter,* 785 F.2d 1327 (5th Cir.1986).

The predecessor version of § 455(b)(3) provided, "[A]ny ... judge of the United States shall disqualify himself in any case in which he ... has been *of counsel.*" 28 U.S.C. § 455 (1964) (emphasis added). Applying this version of the statute, the Sixth Circuit then concluded in *Amerine* the trial judge should have recused himself because a United States Attorney is by definition "of counsel" in every criminal case filed in his jurisdiction.

In contrast, disqualification of the trial judge is required under the amended § 455(b)(3) if the trial judge has "participated as counsel" in the case involving the defendant. Hence, while we agree with the *Amerine* characterization of the role of the United States Attorney, we think the amendment of § 455 has made the concept irrelevant to the issue of recusal.

There are two significant distinctions created by the present form of the statute and the form which led to the decision in *Amerine.* First, the word "participated" implies a higher degree of activity than simply being "of counsel." The latter association with a case arises simply because the prosecutor holds his office. One need do nothing to be "of counsel." "Participation" connotes activity, however. One cannot "participate" without doing *something.* Thus, simple logic dictates the conclusion that in reordering the language of the statute upon which recusal is based and distinguishing between situations in which recusal is mandated, Congress has implicitly drawn a line.

In our opinion, before the presumption arises that a judge is in fact partial because of his past conduct as an attorney, a party seeking disqualification must show that the judge actually participated as counsel. Mandatory disqualification then is restricted to those cases in which a judge had previously taken a part, albeit small, in the investigation, preparation, or prosecution of a case. Thus, because the *Amerine* recusal was predicated upon the *appearance* and not the fact of impartiality, the case offers no precedential value in a case in which recusal is predicated upon § 455(b)(3). *See United States v. DeLuna,*

763 F.2d 897 (8th Cir.), *cert. denied,* 474 U.S. 980, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985) (magistrate's recusal not required because he had been an Assistant United States Attorney during prior investigations of a defendant); *Muench v. Israel,* 524 F.Supp. 1115 (E.D.Wis.1981) (district judge's recusal not required although he had been Attorney General of Wisconsin when petitioner first appealed his criminal conviction). *See also* 16 A.L.R. 4th 550, 562 (1982).

The amendment of § 455 has added another aspect to be considered. Under the former version of the statute, a judge was required to recuse himself if he had been of counsel in a *prior* case involving the defendant. *Amerine,* 411 F.2d at 1133. The language of § 455(b)(3) suggests a more restrictive standard for it requires disqualification only when the judge "has participated as counsel ... concerning the proceeding." Thus, while a judge who has had an affiliation with a prior case involving a defendant might find recusal mandated by § 455(a), a strict reading of § 455(b)(3) does not produce the same result.

In real terms, the trial judge in this case had no connection with the defendant or the substance of his prosecution prior to the filing of the instant case. In the absence of such a connection, the current version of 28 U.S.C. § 455(b)(3) does not require recusal, and the trial judge did not err by his refusal to disqualify himself under that subsection.

AFFIRMED.