**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-50916

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

GARY MICHAEL HOCTEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas

_____

September 11, 1998

Before DeMOSS, PARKER and DENNIS, Circuit Judges.

ROBERT M. PARKER:

Gary Michael Hoctel appeals his conviction for aiding and abetting and mail fraud, in violation of 18 U.S.C. §§ 2 and 1341. We dismiss the appeal.

**FACTS AND PROCEEDINGS IN DISTRICT COURT**

On February 11, 1997, Appellant Hoctel was indicted for various violations of the mail and wire fraud statutes arising out of a scheme to sell horses with false registration papers and

1

breeder's certificates.  Hoctel's case was assigned to Judge Walter S. Smith.

Hoctel filed a motion to have Parnell McNamara, a United States Marshal assigned to security in the district court, and his brother, Mike McNamara, also a U.S. Marshal, relieved of their courtroom duties in connection with his case.  Hoctel alleged that the McNamaras were listed on the Government's witness list and that Parnell was listed as a complaining witness and was "integrally involved" in his case.  The district court granted the motion, ordering that neither Parnell nor Mike McNamara would be present in the courtroom during the trial of this matter as deputy marshals providing security, but permitting them to be present as members of the public.

Two days after the motion concerning the McNamaras was granted, Hoctel filed a motion, pursuant to 28 U.S.C. § 455(a)[1], seeking to have Judge Smith recuse himself on the ground that the McNamaras' regular duties in his courtroom created a situation in which his impartiality toward the defense might reasonably be questioned.  The district court denied the motion.

On August 18, 1997, after jury selection, Hoctel pleaded guilty to aiding and abetting and mail fraud.  Hoctel's written

---

[1]28 U.S.C. § 455(a) provides:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

plea agreement stipulated that he waived his right to appeal his sentence on any ground except an upward departure from the applicable guideline range.

At sentencing, Hoctel had requested that the court impose a term of community confinement and probation in lieu of imprisonment. Hoctel also filed a motion to postpone his reporting date from December 18, 1997, until after January 1, 1998, so that he could spend the holidays with his family. The district court denied both requests. Hoctel was sentenced to 10 months' imprisonment, followed by three years of supervised release, and was ordered to pay a $2000 fine and $5,517.50 in restitution. His sentence fell within the applicable guideline range.

Hoctel filed a timely notice of appeal. The district court entered a "Certificate As To Good Faith," certifying that Hoctel's appeal was not taken in good faith because he had waived his right to appeal in his plea agreement.

## WAIVER OF RIGHT TO APPEAL

Hoctel contends that the district court erred in refusing to grant his motion for recusal. As an initial matter, we must determine whether the issue of recusal was waived by his plea agreement.

As a general rule, a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United*

3

*States v. Andrade*, 83 F.3d 729, 731 (5th Cir. 1996). Further, Hoctel explicitly waived his right to appeal on any issue except a sentence imposed outside the applicable guidelines. Hoctel argues that his challenge to the district court's denial of his recusal motion should be excepted from the general rule of waiver and he should be excused from the effects of his specific waiver.

First, Hoctel relies on *McCuin v. Texas Power and Light Co.*, 714 F.2d 1255 (5th Cir. 1983) for the proposition that "disqualification cannot be waived." *Id.* at 1260. However, *McCuin* dealt with disqualification under 28 U.S.C. § 455(b) rather than under § 455(a), which is at issue in this case. Section 455(e) specifically provides that disqualification may be waived by the consent of the parties under § 455(a) but not under § 455(b):

> No justice, judge, or magistrate shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

28 U.S.C. § 455(e).

*McCuin* is further inapposite because it dealt with disqualification in a civil case, not with waiver by virtue of a guilty plea in a criminal proceeding. *Id.* at 1257-58. We therefore are not persuaded that *McCuin*'s holding informs the question presented in this appeal.

Neither the briefs nor our own research have uncovered any

4

Fifth Circuit cases which directly control this question, and other circuits have split on the issue. The First Circuit has held that a guilty plea does not bar a criminal defendant's challenge to the district court's denial of recusal. In *United States v. Chantal*, 902 F.2d 1018 (1st Cir. 1990), the district judge refused to disqualify himself upon the criminal defendant's motion pursuant to § 455(a). *See id*. at 1020 & n.3. On appeal, the Government argued that the defendant's guilty plea waived all nonjurisdictional defenses and thus that his challenge to the judge's qualification was waived. *See id*. at 1020. The First Circuit conceded that a challenge brought under § 455(a) did not involve constitutional principles but stated that:

> ...it is plain that Congress would never have thought its purpose to assure actions by judges who are not only impartial but appear to be, could be so unintelligibly eradicated by a plea engendered by the immediate prospect of a trial/decision by a biased judge.

*Id.* at 1021. The *Chantal* court held that appeal of the recusal issue was therefore not barred by the defendant's unconditional guilty plea. *Id*.

In so holding, the *Chantal* court specifically rejected the Tenth Circuit's decision in *United States v. Gipson*, 835 F.2d 1323, 1325 (10th Cir. 1988), which held that an unconditional guilty plea waives the appeal of a § 455(a) disqualification motion. The Tenth Circuit reasoned that because 28 U.S.C. § 455(e) allows a party to waive disqualification when there is an appearance of impropriety

5

under § 455(a) after a full and fair disclosure by the judge, a party who enters a guilty plea without specifically preserving the issue for appeal should also be found to have waived it. *Id.*

Following *Chantal*, the Second Circuit has held that a defendant who entered an unconditional plea of guilty could nevertheless appeal the denial of his motion for recusal under § 455(a). *United States v. Brinkworth*, 68 F.3d 633, 637-38 (2d Cir. 1995). The *Brinkworth* court similarly rejected the *Gipson* decision, stating that it was "formalistic, and relies upon the notion that an improper § 455(a) denial is a pretrial defect which is sublimated within a guilty plea, . . . rather than an error that affects the integrity of the whole judicial process." *Id.* at 638 (quotation and citation omitted).

While this court has not directly addressed the question of the effect of guilty pleas and plea agreements on the appeal of § 455(a) decisions, we have applied principles of waiver to § 455(a) motions in the context of criminal prosecutions. *See Mangum v. Hargett*, 67 F.3d 80, 82 (5th Cir. 1995)(stating that this court will find a defendant to have waived his § 455(a) recusal claim by failing to first raise the issue in the district court.) Based on our holding in *Mangum* and the statutory scheme that clearly contemplates the possibility of waiver in § 455(a), we conclude that Hoctel was not precluded from waiving his right to appeal the district court's denial of his recusal motion.

We find that Hoctel's appeal is foreclosed by both the general waiver resulting from his unconditional guilty plea and the specific waiver contained in his plea agreement. Hoctel can point to no evidence in the record that his explicit waiver, included in the written plea agreement and signed by Hoctel and his counsel, was not informed and voluntary. *See United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992)(holding that a defendant may waive the right to appeal a criminal conviction and sentence as part of a plea agreement, so long as the waiver is informed and voluntary.) Based on the foregoing, we dismiss the appeal.

Appellant's motion to supplement the record is DENIED as moot.

MOTION TO SUPPLEMENT THE RECORD DENIED. APPEAL DISMISSED.