# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10709
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESUS OSCAR LOPEZ,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-219-5

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jesus Oscar Lopez appeals his guilty-plea conviction and sentence for one count of conspiracy to possess with intent to distribute more than 50 kilograms of a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. He contends the district court abused its discretion in denying his amended motion to recuse the district court judge under 28 U.S.C. §§ 144, 455(a), and 455(b)(1).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-10709

For the first time on appeal, Lopez contends he moved for recusal under § 455(b)(1) (disqualification of judge based on personal bias or prejudice). "This circuit has not yet clearly defined the scope of our review of § 455 issues raised for the first time on appeal." *McKethan v. Tex. Farm Bureau*, 996 F.2d 734, 744 n.31 (5th Cir. 1993). Nevertheless, we pretermit the issue of the standard of review because Lopez' appeal fails even under the abuse of discretion standard for properly preserved objections to denials of motions for recusal. *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003).

By pleading guilty unconditionally, Lopez waived appellate review of the denial of his amended motion to recuse under § 455(a) (disqualification where impartiality reasonably questioned). *See United States v. Hoctel*, 154 F.3d 506, 508 (5th Cir. 1998). To the extent he contends *Hoctel* was decided wrongly, we may not overrule another panel's decision without *en banc* reconsideration, a superseding contrary Supreme Court decision, or change in law. *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002). Further, the record belies his contention that waiver of his § 455(a) recusal claim was not preceded by a full disclosure of the basis for recusal.

Lopez has also failed to show the court abused its discretion in denying his amended motion to recuse under either § 144 (bias or prejudice of judge) or § 455(b)(1). *See United States v. MMR Corp.*, 954 F.2d 1040, 1044–46 (5th Cir. 1992). Aside from conclusional allegations that the district court judge had "a personal bias, prejudice and/or impartiality against [defense counsel] and/or his client," Lopez failed to state facts showing the judge had an actual personal extrajudicial bias or prejudice against him in particular. *See* 28 U.S.C. §§ 144 and 455(b)(1); *Patterson*, 335 F.3d at 483–84. "In order for bias against an attorney to require disqualification of the trial judge, it must be of a continuing and personal nature and not simply bias against the attorney or in favor of

2

another attorney because of his conduct." *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990) (citation omitted). The alleged facts, if true, would not convince a reasonable person the judge had an actual, personal extrajudicial bias or prejudice against defense counsel. *See, e.g.*, *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Patterson*, 335 F.3d at 483–84.

AFFIRMED.