[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 24-10334

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LONNISE JANELLE ANDREWS,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:23-cr-00003-MTT-CHW-1

————————————

Before JORDAN, LUCK, and WILSON, Circuit Judges.

PER CURIAM:

Lonnise Andrews appeals her convictions, following a guilty plea, for making, subscribing, and filing a false tax return; making a false claim for a tax credit; and making a false claim for a tax refund. First, she asserts that her guilty plea was involuntary because her counsel provided ineffective assistance. Second, she argues that the district judge presiding over her case should have recused himself pursuant to 28 U.S.C. § 455(a)-(b)(1) because he exhibited bias against her. Third, she claims that the district court failed to *sua sponte* hold a competency hearing. In support of her appeal, she also moves to supplement the record with emails between her and the counsel she claims rendered ineffective assistance.

**I**

Ms. Andrews was arrested in February of 2023 for tax fraud-related charges. The district court appointed an assistant federal defender, Timothy Saviello, to represent her.

In August of 2023, Mr. Saviello filed a motion to continue the trial date and attached an *ex parte* submission in support of his motion stating that he was not able to "say that Ms. Andrews is sufficiently competent to make decisions about how to handle her case[.]" In the *ex parte* submission, Mr. Saviello asked that the district court grant the motion to continue, direct the defense counsel to provide the results of an out-of-custody evaluation, and schedule a competency hearing.

At a status conference regarding the motion to continue, the district court said that "nothing in the *ex-parte* information" submitted gave him "grounds to continue the case," and inquired into whether Mr. Saviello had concerns about Ms. Andrews' competence. Mr. Saviello responded that "in the time since we filed the motion and the *ex-parte* supplement, things have been moving in a direction that make me confident that we can be on trial" at the original trial date. The court then mentioned that it had spoken with the supervising probation officer, who was not aware of any competency issues, and said that "while, yes, some concerns were expressed in a very general way, I don't have any evidence that suggests to me any issue of competency to stand trial." The court also noted that "if the evidence [as to competency] is presented, we will certainly address that and respond accordingly."

At a final pretrial conference in September of 2023, Ms. Andrews addressed the district court at length. She told the court—during an *ex parte* session without the government present—that she had no contact with Mr. Saviello for about five months and was not aware of several updates in the case. She claimed that she was not notified of a court order declaring that the case was complex and about the exchange of about 20,000 pages of discovery, of which she had only reviewed about 50 pages. She also said she had been in contact with some other attorneys who had agreed to represent her but needed a continuance to go over the discovery. She explained that her father had given her the money to hire counsel.

Mr. Saviello responded that his office had mailed a notice of the complex case order to Ms. Andrews, which she said she never received.  Mr. Saviello also told the district court that the five-month period in which there was no contact with Ms. Andrews was spent organizing and reviewing case materials prior to discussing the details of her case with her.  Mr. Saviello suggested, moreover, that Ms. Andrews had been given the opportunity to attend meetings to discuss the case and that she came to his office to review records and receive enough information to understand the case, the charges against her, and the evidence.

After hearing Ms. Andrews' complaints about Mr. Saviello's communications with her, the district court viewed Ms. Andrews' conduct and behavior as manipulative and an attempt to avoid standing trial: "One thing that is very clear now is there's no issue as to Ms. Andrews' competency to stand trial.  I consider her behavior to be manipulative, but there's certainly not an issue with regard to competency to stand trial."  Mr. Saviello agreed with the court, and Ms. Andrews, who was present, did not respond to the court's competency determination.

At the subsequent change of plea hearing, the district court said that after having "considerable opportunity to interact and converse with Ms. Andrews over the past several weeks" it "was satisfied that the record did not establish an issue [as to competency]."  Ms. Andrews then pled guilty and was sentenced to 51 months of imprisonment and three years of supervised release.

## II

Ms. Andrews moves to supplement the record on appeal with e-mails between herself and Mr. Saviello. Although we have "inherent equitable power to supplement the record with information not reviewed by the district court, such authority is rarely exercised." *Shahar v. Bowers*, 120 F.3d 211, 212 (11th Cir. 1997) (en banc) (internal quotation marks and citation omitted). This is because we do "not ordinarily enlarge the record on appeal to include material not before the district court." *Kemlon Products & Dev. Co. v. United States*, 646 F.2d 223, 224 (5th Cir. 1981). When deciding whether to supplement the record, we consider "whether acceptance of the proffered material . . . would establish beyond any doubt the proper resolution of the pending issues." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000).

Ms. Andrews argues that the emails are relevant to her ineffective assistance of counsel claim because they show that Mr. Saviello did not review documents relating to discovery with her, that he did not discuss a plea offer with her before it was set to expire, and that she was prejudiced by this deficient performance. She also asserts that the emails show the district judge should have recused himself and that they establish that the court erroneously determined her competent to stand trial.

In this case, the emails do not "establish beyond any doubt the proper resolution" of Ms. Andrews' claims and we deny the motion to supplement the record. *See CSX Transp., Inc.*, 235 F.3d at 1330. For example, the emails do not resolve the ineffective

6                    Opinion of the Court                24-10334

assistance of counsel claim because there is no sworn testimony from either Ms. Andrews or Mr. Saviello about the content of the emails, or about the attorney-client relationship, or about Ms. Andrews' decision to plead guilty, or about Mr. Saviello's performance. And there are no findings of fact by the district court concerning Mr. Saviello's representation of Ms. Andrews.

## III

We ordinarily review an ineffective assistance of counsel claim *de novo*. *See Gomez-Diaz v. United States*, 433 F.3d 788, 790 (11th Cir. 2005). The right to the effective assistance of counsel is guaranteed by the Sixth Amendment. *See generally Strickland v. Washington*, 466 U.S. 668, 686 (1984). To succeed on an ineffective assistance of counsel claim, a defendant must show (1) that her counsel rendered constitutionally deficient performance, and (2) that there is a reasonable probability that, but for the unprofessional errors, she would not have pled guilty and would have insisted on going to trial. *See Martin v. United States*, 949 F.3d 662, 667 (11th Cir. 2020).

Where, as here, the district court did not entertain the ineffective assistance of counsel claim or make factual findings on critical issues, we usually decline to review the claim for the first time on appeal. *See, e.g., United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010); *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). Only in the "rare instance when the record is sufficiently developed" will we address an ineffective assistance of counsel

claim on direct appeal.  *See United States v. Curbelo*, 726 F.3d 1260, 1267 (11th Cir. 2013).

Generally, the record is not sufficiently developed for our review when it lacks sworn testimony regarding counsel's alleged failures or factual findings by the district court.  *See United States v. Puentes-Hurtado*, 794 F.3d 1278, 1285 (11th Cir. 2015).  *See also United States v. Ahmed*, 73 F.4th 1363, 1375–76 (11th Cir. 2023) (determining that the record was not sufficiently developed when counsel's statements on the record "were not made under oath, they were not subject to cross-examination, and there [was] no way to assess whether any communication difficulty prejudiced [the defendant's] defense").  The record here is not sufficiently developed to adjudicate Ms. Andrews' ineffective-assistance claim.  The emails Ms. Andrews attempts to present on appeal do not include statements made under oath or subject to cross-examination.  There are also no factual findings by the district court concerning Mr. Saviello's representation of Ms. Andrews.  The evidentiary record as to the ineffective-assistance claim, therefore, is incomplete and insufficiently developed for our review.[1]

## IV

We review a district judge's decision not to recuse himself *sua sponte* for plain error.  *See United States v. Berger*, 375 F.3d 1223,

---

[1] This does not preclude Ms. Andrews from filing a motion to vacate pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel.  *See Puentes-Hurtado*, 794 F.3d at 1285; *United States v. Griffin*, 699 F.2d 1102, 1109 (11th Cir. 1983).

1227 (11th Cir. 2004).  A judge must recuse himself when a party to a proceeding files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against her or in favor of any adverse party.  *See* 28 U.S.C. § 144.  A judge must also recuse himself "in any proceeding in which his impartiality might reasonably be questioned," or "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. §§ 455(a) & 455(b).

## A

Whether a judge should have recused *sua sponte* depends on "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted).  All doubts "must be resolved in favor of recusal." *Id.*

Recusal decisions under "§ 455(a) are extremely fact driven and must be judged on their unique facts and circumstances more than by comparison to situations considered in prior jurisprudence." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quotation marks omitted).  The Supreme Court has remarked that "[t]he judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant . . . But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and

necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task." *Liteky v. United States*, 510 U.S. 540, 550–51 (1994). "Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings." *Id.* at 551. A judge's remarks in the judicial context may constitute such bias, however, if they "demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *Berger*, 375 F.3d at 1227.

As the Supreme Court explained in *Liteky*, judicial rulings alone almost never constitute a valid basis for a recusal motion under § 455(a) or § 455(b). *See Berger*, 375 F.3d at 1227. Such rulings, credibility findings or other determinations made adverse to a party generally do not by themselves constitute pervasive bias. *See Liteky*, 510 U.S. at 555. "A judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Moody*, 755 F.3d at 895 (quotation marks omitted).

**B**

The government argues that by entering into a plea agreement Ms. Andrews has waived her right to appeal the district judge's alleged failure to recuse *sua sponte*.[2]

---

[2] Although Ms. Andrews filed a motion for recusal on April 16, 2024, *see* D.E. 104, she has clarified in her reply brief that this motion for recusal was limited

In general, "a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings." *Patti*, 337 F.3d at 1320. So the "denial of a motion for recusal under § 455(a) is not reviewable" following an unconditional guilty plea. *See id.* at 1323. But although "a party can waive recusal under § 455(e) when the motion is brought pursuant to § 455(a), [it] cannot waive recusal when the motion is brought pursuant to § 455(b)." *Id.* at 1322. We therefore construe Ms. Andrews' argument to be that the district judge should have recused himself *sua sponte* pursuant to § 455(b) and review it accordingly. *See, e.g., United States v. Gipson*, 835 F.2d 1323, 1325 (10th Cir. 1988) (unconditional guilty plea does "not affect [a] defendant's right to appeal the [district] court's denial of recusal under § 455(b)(3)").

Ms. Andrews asserts that the district judge should have recused himself because his comments in the course of her presentencing proceedings demonstrated pervasive bias against her. Ms. Andrews points to comments made in the final pretrial conference, where the judge repeatedly told Ms. Andrews he did not believe much of what she said and found her "behavior to be manipulative."

The statements that Ms. Andrews argues are improper fail to demonstrate bias or prejudice that is both personal and pervasive. *See* § 455(b)(1). The judge's remarks explain the adverse credibility finding as to Ms. Andrews. By saying, for example, "I believe

---

to a separate emergency motion for release pending appeal, *see* D.E. 103, which she is not appealing. *See* Appellant's Reply Br. at 15–16.

very little of what you say," the judge did not unfairly prejudice Ms. Andrews or exhibit bias. The judge's characterization of Ms. Andrews' behavior as "manipulative" was similarly descriptive in nature.

Based on our review of the record, Ms. Andrews was not unfairly prejudiced by the judge simply finding her not credible and his statements in connection to that finding do not rise to the level of pervasive bias. The statements Ms. Andrews identifies solely constitute an adverse credibility determination, which does not in itself warrant recusal. The judge's purported failure to recuse *sua sponte* did not constitute plain error.

## IV

We review for abuse of discretion a district court decision not to hold a competency hearing *sua sponte*. *See United States v. Wingo*, 789 F.3d 1226, 1236 (11th Cir. 2015). The abuse of discretion standard is deferential, and generally gives the district court a range of choice. *See Pierce v. Underwood*, 487 U.S. 552, 559 (1988).

"Defendants have a right under the Due Process Clause of the Fifth Amendment not to be tried or convicted while incompetent." *United States v. Cometa*, 966 F.3d 1285, 1291 (11th Cir. 2020). Whether the defendant is competent is an ongoing inquiry, and the defendant must be competent at all stages of trial. *See United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005). For a defendant to be competent to proceed to trial or enter a guilty plea, she must have "the capacity to understand the nature and object of the proceedings against [her], to consult with counsel, and to assist in preparing

[her] defense." *Wingo*, 789 F.3d at 1234-35 (quotation marks omitted).

The district court "shall" order a competency hearing on its own motion if

> [a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering [her] mentally incompetent to the extent that [s]he is unable to understand the nature and consequences of the proceedings against [her] or to assist properly in [her] defense.

18 U.S.C. § 4241(a). A district court, therefore, is required to conduct a competency hearing when there is a *bona fide* doubt regarding the defendant's competence. *See Rahim*, 431 F.3d at 759. If there is no *bona fide* doubt that the defendant is competent, the district court may determine competency "without benefit of a full dress hearing." *United States v. Nickels*, 324 F.3d 1250, 1252 (11th Cir. 2003) (internal citation omitted).

Whether the district court abused its discretion by declining to *sua sponte* order a competency hearing depends on (1) whether the defendant evidenced irrational behavior; (2) whether the defendant's demeanor indicated a lack of competence to proceed; and (3) whether there is any prior medical opinion regarding the defendant's competence. *See Wingo*, 789 F.3d at 1236. Although these conditions are considered in the aggregate, evidence establishing any one of these factors standing alone may be sufficient to

establish a *bona fide* doubt about the defendant's competence. *See id. See also Drope v. Missouri*, 420 U.S. 162, 180 (1975).

Ms. Andrews asserts on appeal that the district court should have held a competency hearing *sua sponte* based on information relayed to it in the *ex parte* supplemental submission and at the final pretrial conference regarding her mental fitness, capacity to make decisions in her case, and inability to assist counsel. We disagree. "A defendant may be competent to stand trial even if [s]he suffers from severe mental illness." *Cometa*, 966 F.3d at 1291 (quotation marks and brackets omitted). *See Battle v. United States*, 419 F.3d 1292, 1299 n.9 (11th Cir. 2005) ("[M]ental illness, as a matter of law, does not preclude a finding of competency to stand trial."); *Medina v. Singletary*, 59 F.3d 1095, 1107 (11th Cir. 1995) ("Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges.") (quotation marks and brackets omitted). There is no evidence in the record establishing that Ms. Andrews suffered from any mental illness.

Often, the defendant's counsel is in the best position to assess whether the defendant may be incompetent because legal competency depends in part on the defendant's ability to assist her counsel. *See Watts v. Singletary*, 87 F.3d 1282, 1288 (11th Cir. 1996). We consider relevant the fact that Mr. Saviello withdrew his request for a continuance, which relied on representations in the *ex parte* submission as to Ms. Andrews' competency, and felt the trial could proceed. Indeed, at the final pretrial conference Mr. Saviello

agreed with the district court's statement that Ms. Andrews was competent to stand trial, and Ms. Andrews, who was present and spoke to the court at length about Mr. Saviello and other matters, did not express any competency concerns in response or challenge the judge's determination of competency.

The district court considered the evidence on the record, including prior concerns that counsel maintained were no longer present and Ms. Andrews' comportment and statements, and found that Ms. Andrews was competent both at the final pretrial conference and at the change of plea hearing. This is precisely the type of assessment a district court has the discretion to make, and we see no clear error of judgment. We conclude that the district court did not abuse its discretion in not ordering a competency hearing *sua sponte* because it had no *bona fide* doubt as to Ms. Andrews' competence given its interactions with her and her counsel prior to the entry of a guilty plea.

## V

For the reasons discussed, Ms. Andrews' motion to supplement the record on appeal is denied. Ms. Andrews' convictions and corresponding sentence are affirmed.

**AFFIRMED.**