**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Paul Richard ARNPRIESTER,**
**Defendant–Appellant.**

**No. 93–10706.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 16, 1994.*

Decided Sept. 23, 1994.

Paul Richard Arnpriester, in pro per.

Janet Napolitano, U.S. Atty., D. Ariz., Georgia B. Ellixson, Chief, Appellate Section, and Frederick Petti, Asst. U.S. Atty., Phoenix, AZ, for plaintiff-appellee.

Before: POOLE and NOONAN, Circuit Judges, and HAGEN,** District Judge.

NOONAN, Circuit Judge:

Paul Richard Arnpriester (Arnpriester) appeals from the judgment of the district court denying his motion for a new trial following his conviction of conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. § 846; of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i); of being an accessory after the fact in violation of 18 U.S.C. § 3; and of making a false statement to a federal agency in violation of 18 U.S.C. § 1001. We reverse the judgment of the district court and remand.

## PROCEEDINGS

On November 15, 1990 Arnpriester was indicted by a federal grand jury in Phoenix, Arizona for the crimes of which he was ultimately convicted. At the time of the investigation preceding the indictment the United States Attorney for Phoenix, Arizona was Stephen M. McNamee.

Following his conviction on July 26, 1991, Arnpriester appealed to this court, which

---

* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

** The Honorable David Warner Hagen, United States District Judge for the District of Nevada, sitting by designation.

affirmed each of his convictions, except that of making a false statement to the United States, and remanded for resentencing. On April 22, 1993 while his appeal here was pending, Arnpriester moved for a new trial on the grounds of newly-discovered evidence showing that the trial judge should have recused himself. The district court had jurisdiction of the motion, despite the pendency of Arnpriester's appeal here. *United States v. Cronic*, 466 U.S. 648, 667, 104 S.Ct. 2039, 2051, 80 L.Ed.2d 657 (1984). The trial judge referred this motion to Stephen M. McNamee, who had been appointed United States District Judge for the District of Arizona three months before Arnpriester's original indictment. On November 8, 1993, without an evidentiary hearing, Judge McNamee denied Arnpriester's motion. This appeal followed.

## ANALYSIS

■ 28 U.S.C. § 455(a) requires that any judge of the United States "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(b)(3) requires that the judge "shall also disqualify himself" in any proceeding where "he has served in governmental employment and in such capacity participated as counsel, adviser or material witness or expressed an opinion concerning the merits of the particular case in controversy."

The government does not deny that Stephen M. McNamee was the United States Attorney for the District of Arizona for part of the time that Arnpriester was being investigated for the crimes for which he was later indicted. The government notes that Arnpriester does not argue that McNamee was personally involved in the investigation. The government then asserts: "These facts do not call into question the integrity of the judicial process." The government adds as a footnote: "If this Court concludes that Judge McNamee's participation in the case was improper, the defendant is still not entitled to a new trial. Instead, the defendant's motion for new trial should be referred again to the district court for an assignment to another district court judge." The government conspicuously fails to discuss the applicability of 28 U.S.C. § 455 to Judge McNamee. The statute mandated his recusal.

The statutory duty of each United States Attorney within his district is to "prosecute for all offenses against the United States." 28 U.S.C. § 547. Responsibility for prosecution necessarily includes responsibility for investigation: there can be no prosecution unless it is preceded by investigation. Responsibility for prosecution and the precedent investigation is that of the United States Attorney in his district; other attorneys are only his assistants, 28 U.S.C. § 542 and § 543.

The attorney responsible for the precedent investigation of a person suspected of violation of the laws of the United States would reasonably be believed not to be impartial when that person was subsequently indicted, tried and convicted. The attorney responsible for such investigation was in government employment when he participated as the responsible counsel in investigating the case that resulted in the indictment, trial and conviction. Both section 455(a) and section 455(b)(3) required Judge McNamee to recuse himself.

■ This analysis imputes to the United States Attorney the knowledge and acts of his assistants. Such "vertical imputation" to the head of the office is what is done by the criminal statute governing employment of a former government employee in any matter "which was under his official responsibility," 18 U.S.C. § 207(a). It is the standard adopted in two of the leading cases on disqualification of a former government lawyer acting for a private client in a matter in which he had official responsibility, *General Motors Corp. v. City of New York*, 501 F.2d 639 (2d Cir.1974); *United States v. Standard Oil Co.*, 136 F.Supp. 345 (S.D.N.Y.1955); *see* Andrew I. Kaufman, *Problems In Professional Responsibility* (1976) 59. What disqualifies a former government prosecutor from acting for a private client in the same matter for which he had official responsibility operates equally to disqualify him from sitting as a judge in the same matter. A United States District Judge cannot adjudicate a case that he or she as United States Attorney began.

A conclusion that a statutory violation occurred does not, however, end our inquiry. As in other areas of the law, there is surely room for harmless error committed by busy judges who inadvertently overlook a disqualifying circumstance. There need not be a draconian remedy for every violation of § 455(a).

*Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 862, 108 S.Ct. 2194, 2203–04, 100 L.Ed.2d 855 (1988). But this error permeates the district court's consideration of the motion for a new trial. The process was irreparably flawed when a judge who would reasonably be believed to be biased was the judge who ruled on the motion. *See Brecht v. Abrahamson*, — U.S. —, —, 113 S.Ct. 1710, 1717, 123 L.Ed.2d 353 (1993).

Accordingly, the judgment of the district court denying a new trial is **REVERSED**, and the case is **REMANDED** for assignment to a different district judge.