UNITED STATES, Appellee

v.

Terrence M. JONES, Aviation Boatswain's Mate (Handler) Third
Class,
U.S. Navy, Appellant

No. 99-0252

Crim. App. No. 97 00486

United States Court of Appeals for the Armed Forces

Argued February 28, 2001

Decided August 22, 2001


EFFRON, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., and GIERKE, J., joined.  BAKER, J., filed an
opinion concurring in the result.  SULLIVAN, J., filed a
dissenting opinion.



Counsel


For Appellant:  Lieutenant M. Eric Eversole, JAGC, USNR (argued); Lieutenant
     Omar R. Lopez, JAGC, USNR.


For Appellee:  Lieutenant James E. Grimes, JAGC, USNR (argued); Colonel Marc
     W. Fisher, Jr., USMC, and Lieutenant Commander Philip L. Sundel, JAGC,
     USNR (on brief); Colonel K. M. Sandkuhler.


Military Judge:  Thomas P. Tielens


THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE PUBLICATION.

<u>United States v. Jones</u>, No. 99-0252/NA

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of rape and adultery, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 USC §§ 920 and 934, respectively. He was sentenced to a bad-conduct discharge, confinement for 3 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Criminal Appeals affirmed in an unpublished opinion in October 1998. The decision was set aside by order of this Court (52 MJ 442) on September 20, 1999, and the case was returned to the Court of Criminal Appeals for further review concerning sufficiency of the evidence under Article 66(c), UCMJ, 10 USC § 866(c). On remand, the lower court affirmed the findings and sentence in an unpublished opinion dated February 29, 2000.

On appellant's petition, we granted review of the following issue:

> WHETHER THE LOWER COURT ERRED WHEN IT
> ALLOWED A JUDGE WITH A CONFLICT OF INTEREST
> TO REVIEW APPELLANT'S CASE ON APPEAL.

For the reasons set forth below, we affirm.

United States v. Jones, No. 99-0252/NA

## I. BACKGROUND

Appellant asserts that Judge Dorman should have recused himself from the panel of the Court of Criminal Appeals reviewing his case. Prior to his appointment to the Court of Criminal Appeals, Colonel Dorman served as the Director of the Appellate Government Division of the Navy-Marine Corps Appellate Review Activity (Appellate Government Division). He served as Director from July 1995 to May 26, 1998. On June 16, 1998, Col. Dorman was sworn in as a judge on the lower court.

Appellant's case was docketed with the Court of Criminal Appeals in March 1997; a copy of the docketing notice and record of trial were provided by the court to both appellate divisions. Appellate defense counsel filed numerous motions for enlargement of time with the lower court. In accordance with the practice of the Appellate Government Division, the first seven motions went unopposed. Appellant's combined eighth-ninth motion for enlargement of time, filed on March 13, 1998, and his tenth motion, filed on April 6, 1998, were opposed by the Government. In both instances, the Government's opposition to the motions for enlargement consisted solely of the assertion that "[t]he Government believes that appellant has had ample time to research and raise potential issues, and requests this Court to set a date certain for appellant to file his Assignment of

3

Errors and Brief." Both documents were filed by the Deputy Director of the Appellate Government Division during Col. Dorman's tenure as Director of the Division. The lower court granted appellant's combined eighth-ninth motion and the tenth motion for enlargement of time. Appellant filed an assignment of errors and brief with the court on August 4, 1998, more than 2 months after Judge Dorman left the Appellate Government Division and became an appellate judge. The Government filed its answer on September 3, 1998. The Court of Criminal Appeals issued its initial decision on October 29, 1998. Judge Dorman had joined the court at this point, but did not sit on the panel that issued the decision, which was composed of Judges Sefton, Troidl, and Anderson. After that decision was set aside by our Court, 52 MJ 442, the case was considered upon remand by a different panel of the Court of Criminal Appeals, composed of Judges Dorman, Rolph, and Naugle. That panel issued its decision on February 29, 2000. Appellant did not seek Judge Dorman's disqualification at any point while the case was under consideration by the Court of Criminal Appeals.

In an affidavit filed with our Court, Judge Dorman avers that he "had no involvement" with appellant's case while he was the Director of the Appellate Government Division; that he gave no "specific or general guidance" to the Deputy Director about filing oppositions to the motions for enlargement in this case;

4

and that he was "not aware" that the Government had made replies

in opposition to appellant's motions until the present appeal

was filed with our Court.  Judge Dorman also stated that the

Appellate Government Division, "[w]ith rare exception, . . .

took no action on a record of trial until" an appellant "filed

assignments of error" with the Court of Criminal Appeals.  In

light of these circumstances, he decided that he would generally

recuse himself "from participating in any case in which an

appellant had filed a brief raising an assignment of error with

the NMCCA on or before 26 May 1998, the day I was relieved of

duties as the Director of the Appellate Government Division."[1]


## II.  STANDARDS FOR RECUSAL

Title 28 USC § 455 governs the recusal of judges and is

applicable to cases involving the actions of appellate military

judges.  United States v. Lynn, 54 MJ 202, 205 (2000).

Appellant claims that Judge Dorman's participation in the review

of his case violates the following provisions of § 455:

> (a)  Any justice, judge, or magistrate of
> the United States shall disqualify
> himself in any proceeding in which his
> impartiality might reasonably be
> questioned.

---

[1] Our decision in United States v. Lynn, 54 MJ 202 (2000), describes the practice of the Appellate Government  Division in responding to defense motions for enlargement of time, as well as Judge Dorman's policy on recusal related to his prior assignment.

      (b)   He shall also disqualify himself in the following circumstances:

* * *

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.

Subsection (a) enhances public confidence in the judicial system by ensuring that judges avoid the appearance of partiality. See Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988). The test for determining if recusal is necessary under this section is "whether a reasonable person who knew all the facts might question these appellate military judges' impartiality." United States v. Mitchell, 39 MJ 131, 143 (CMA)(emphasis in original), cert. denied, 513 U.S. 874 (1994).

Subsection (b)(3) shields parties from having their case tried before a judge who may have formed opinions or gained knowledge via prior contact with the case in a governmental capacity. Recusal is mandatory for a judge who falls within the specific circumstances of this section because those circumstances are viewed as inconsistent with impartiality.

United States v. Jones, No. 99-0252/NA

The Federal Courts of Appeals have applied two different approaches to evaluating whether a judge who previously served as a U.S. Attorney may preside over a case investigated by the U.S. Attorney's office during his or her tenure as the head of that office. The Ninth Circuit has applied a "vertical imputation" theory under which the knowledge and actions of subordinates are attributed to the U.S. Attorney, holding that "[a] United States District Judge cannot adjudicate a case that he or she as United States Attorney began." United States v. Arnpriester, 37 F.3d 466, 467 (1994). By contrast, the Tenth Circuit has interpreted the phrase "participated as counsel" in subsection (b)(3) as connoting activity by the individual and has held that a judge is not required to recuse himself absent a specific showing of actual prior involvement with the case. United States v. Gipson, 835 F.2d 1323, cert. denied, 486 U.S. 1044 (1988). The court focused on the fact that Congress specifically amended the statute in 1974 to modify the phrase "of counsel" to read "participated as counsel." See id. at 1326, citing 28 USC § 455(b)(3); see also Mangum v. Hargett, 67 F.3d 80, 83 (5th Cir. 1995)(agreeing with the analysis in Gipson), cert. denied, 516 U.S. 1133 (1996).

III. DISCUSSION

A trial or appellate judge's decision on recusal is

7

reviewed for abuse of discretion.  Lynn, 54 MJ at 205.  In the present case, appellant did not question Judge Dorman's participation until his appeal before our Court.  When an appellant does not raise the issue of disqualification until appeal, the reviewing court examines the claim under the plain error standard of review.  United States v. Schreiber, 599 F.2d 534, 536 (3$^{d}$ Cir.), cert. denied, 444 U.S. 843 (1979).

Our recent decision in Lynn involved a factually related case in which we held that Judge Dorman's prior position as Director of the Appellate Government Division did not require him to recuse himself under § 455(a) because (1) the Government took no action on the accused's case except to receive and store the record of trial during the period Col. Dorman headed the division; (2) the seven defense motions for enlargement of time filed during Col. Dorman's tenure went unopposed; and (3) there was unrebutted evidence that Col. Dorman had no involvement in the case while at the Appellate Government Division.  54 MJ at 203, 204, 206.  We held that Judge Dorman's policy on recusal was "reasonable" in light of the Division's practice of not reviewing the record until a brief was filed or until the eighth request for enlargement of time, id. at 204, "because it limits his participation to those cases in which Appellate Government had no substantive involvement."  Id. at 207.

The sole difference between Lynn and the present case is the fact that the Government opposed two of appellant's motions for enlargement of time -- the combined motion for the eighth and ninth enlargements -- and the tenth motion, while Col. Dorman headed the Division. In Lynn, we provided the following description of the Government's policy concerning responses to defense motions for enlargement:

> [L]engthy defense appellate delays are sufficiently common that the Government has gone to the extent of formulating a policy of not even opposing the first seven motions for enlargement of time, and indeed it appears that even the succeeding oppositions are quite perfunctory.

Id. at 206-07 (footnote omitted). The same characterization applies to the record of the present case, which reflects government opposition limited to the rote assertion that "[t]he Government believes that appellant has had ample time to research and raise potential issues." Such a perfunctory and mechanical response does not create a reasonable question about Judge Dorman's lack of impartiality, especially when, as in Lynn, appellant does not contest Judge Dorman's lack of knowledge about and personal involvement with appellant's case. We hold that no error was committed because Judge Dorman was not required to recuse himself under 28 USC § 455(a).

Appellant argues that the present case should be distinguished from Lynn because Judge Dorman held supervisory

9

power, which would impute the actions of the attorneys under his charge to him if we were to apply the Ninth Circuit's vertical imputation theory. See United States v. Arnpriester, supra.

As we noted earlier, the vertical imputation theory is one of two standards for viewing a judge's former role as attorney under the statute. The other is the Tenth Circuit's requirement for actual prior involvement. See United States v. Gipson, supra. The record and Judge Dorman's unrebutted affidavit demonstrate that he had no actual involvement with this case during his tenure at the Appellate Government Division. In view of the perfunctory nature of the oppositions filed by the Deputy Director in this case, in mechanical adherence to standard Division practice, we conclude that it is appropriate to apply the actual prior involvement standard to this case, rather than the vertical imputation standard. Accordingly, the fact that Judge Dorman did not recuse himself sua sponte did not amount to plain error.

We reserve judgment as to which standard should be applied in other circumstances. There may be cases, for example, in which denial of an extension might have substantive consequences or in which the nature of the actions taken by the Deputy Director would involve deficiencies for which the Director could be held accountable and responsible. Regardless of which standard should be applied, we emphasize that the

difficulty of determining which actions are so perfunctory that recusal is not required can be readily avoided in the future if judges appointed to the lower courts after prior appellate division service would recuse themselves from all cases that were pending during their tenure in the division.

## IV.  CONCLUSION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals upon remand is affirmed.

BAKER, Judge (concurring in the result):

I agree with the lead opinion's sound conclusion that Judge Dorman had no "actual prior involvement" with this case. __ MJ at (10). Therefore, based on the specific facts of this case, he did not violate 28 USC § 455(a) or (b).

I write separately to emphasize the contextual nature of my vote and to articulate a different shade of analysis with respect to § 455(a). I do not believe that § 455(a) is susceptible to general rules of the road based on characterizations of an attorney's work as "substantive," "non-substantive," "mechanical," or "rote." These terms may have meaning in a specific context, but they offer dim light as buoys to guide appellate judges through the rocks and shoals of § 455(a). Clearly, these terms are not relevant to a decision as to whether Judge Dorman was actually involved in this or any other case for the purpose of § 455(b); the majority opinion does not argue so.

There are at least three analytic options for addressing § 455(a) questions, such as that presented in this case. First, courts could apply a strict black-letter interpretation to § 455(a) as Judge Sullivan has argued for in United States v. Lynn, 54 MJ 202 (2000), and

again today.  This is attractive as a principle that guides with clarity and certainty of result.  However, such an interpretation goes beyond what the law requires. The statutory language presents a reasonable-person test and not a strict-appearance standard.  There are scenarios where a reasonable person knowing all the facts would not reasonably question a judge's impartiality, even where there is an initial appearance of partiality. This is one of them.  A reasonable person knowing all the facts would not reasonably question Judge Dorman's impartiality in this case.

Second, while addressing cases as they come, courts can seek to distinguish between acts that are substantive and non-substantive in determining when to apply a theory of vertical imputation with respect to § 455(a); and, more broadly, in determining whether a judge's impartiality might reasonably be questioned.  This is the approach taken in Lynn and by the majority of the Court today.  These distinctions are not offered as black-letter law, but they do represent common-law guidance to the field.

I believe a third analytic option is the most apt in applying § 455(a).  Courts can accept that as a matter of law, the application of § 455(a) is highly contextual

so as to defy advance and meaningful guidance with general terminology like substantive and non-substantive. While the non-substantive nature of an act may inform a specific decision as to whether a judge's impartiality is reasonably questionable, under this construct, it is simply too speculative to determine in advance that a reasonable person will generally find that non-substantive acts do not violate § 455(a). This is not a reliable benchmark.

Terms like "rote," "perfunctory," "mechanical," "non-substantive," and "substantive" are amorphous and subject to multiple and conflicting good-faith interpretations depending on the actor and their perspective. As those who have worked within a government bureaucracy know, substance and process are often flip sides of the same coin. To whom one sends a question or seeks a concurrence often dictates the measure of the substantive answer received. Likewise, a "pro forma" continuance can also have profound substantive effect. A lawyer given 1 day to respond to a brief will offer a different level of response than one given 2 weeks. When viewed from an accused's perspective, a continuance can have a profound substantive consequence, depending on the skill,

3

experience, and workload of his or her lawyer.

Whether or not the Appellate Government Division's actions were non-substantive in this case, Colonel Dorman's unrebutted affidavit and the majority opinion make clear that he took no action whatsoever involving this case. Colonel Dorman did not participate as counsel or express an opinion concerning the merits of this case. Further, while he set office policies and made clear to his subordinates that he was in command of the appellate government ship, the policy in question was applicable to all cases and, once established, did not require Colonel Dorman's concurrence or consent before it was applied to particular cases. Therefore, Judge Dorman's impartiality cannot reasonably be questioned under § 455(a), unless we adopt an appearance standard that posits an inherent issue of partiality whenever an appellate government attorney subsequently serves as a judge of the Court of Criminal Appeals.

Of course, there may be a difference between what is legally required and what is prudent. I readily agree with the majority that the difficulty in applying § 455(a) would be avoided if judges appointed to the Courts of Criminal Appeals after prior appellate division service recused themselves from cases that were pending

4

during their tenure in the division.

United States v. Jones, 99-0252/NA


SULLIVAN, Judge (dissenting):

I write to reaffirm my position in the Lynn case.  See United States v. Lynn, 54 MJ 202, 207 (2000)(Sullivan, J., dissenting). Here, Colonel Dorman was the Chief of the Appellate Government Division when his government subordinate filed opposition to two of appellant's motions in this case.  Judge Dorman thus later sat on a case in which he had a prior direct supervisory-attorney role.  In my view, this contravenes Congress' will as reflected in 28 USC § 455(b)(3) and 455(a).  See United States v. Arnpriester, 37 F.3d 466 (9th Cir. 1994).  In addition, the acknowledged filing of opposing legal documents by the Appellate Government Division in this case was more compelling than the Lynn case and warranted relief under the rationale of that case. I would remand this case.


As such, I respectfully dissent.