BAKER, Judge
(concurring in the result):
I agree with the lead opinion’s sound conclusion that Judge Dorman had no “actual prior involvement” with this case. 55 MJ at 320. Therefore, based on the specific facts of this case, he did not violate 28 USC § 455(a) or (b).
I write separately to emphasize the contextual nature of my vote and to articulate a different shade of analysis with respect to § 455(a). I do not believe that § 455(a) is susceptible to general rules of the road based on characterizations of an attorney’s work as “substantive,” “non-substantive,” “mechanical,” or “rote.” These terms may have meaning in a specific context, but they offer dim light as buoys to guide appellate judges through the rocks and shoals of § 455(a). Clearly, these terms are not relevant to a decision as to whether Judge Dorman was actually involved in this or any other case for the purpose of § 455(b); the majority opinion does not argue so.
There are at least three analytic options for addressing § 455(a) questions, such as that presented in this case. First, courts could apply a strict blackletter interpretation to § 455(a) as Judge Sullivan has argued for in United States v. Lynn, 54 MJ 202 (2000), and again today. This is attractive as a principle that guides with clarity and certainty of result. However, such an interpretation goes beyond what the law requires. The statutory language presents a reasonable-person test and not a strict-appearance standard. There are scenarios where a reasonable person knowing all the facts would not reasonably question a judge’s impartiality, even where there is an initial appearance of partiality. This is one of them. A reasonable person knowing all the facts would not reasonably question Judge Dorman’s impartiality in this case.
Second, while addressing cases as they come, courts can seek to distinguish between acts that are substantive and non-substantive in determining when to apply a theory of vertical imputation with respect to § 455(a); and, more broadly, in determining whether a judge’s impartiality might reasonably be questioned. This is the approach taken in Lynn and by the majority of the Court today. These distinctions are not offered as black-letter law, but they do represent common-law guidance to the field.
I believe a third analytic option is the most apt in applying §' 455(a). Courts can accept that as a matter of law, the application of § 455(a) is highly contextual so as to defy advance and meaningful guidance with general .terminology like substantive and non-substantive. While the non-substantive nature of an act may inform a specific decision as to whether a judge’s impartiality is reasonably questionable, under this construct, it is simply too speculative to determine in advance that a reasonable person will generally find that non-substantive acts do not violate § 455(a). This is not a reliable benchmark.
Terms like “rote,” “perfunctory,” “mechanical,” “non-substantive,” and “substantive” are amorphous and subject to multiple and conflicting good-faith interpretations depending on the actor and their perspective. As those who have worked within a government *322 bureaucracy know, substance and process are often flip sides of the same coin. To whom one sends a question or seeks a concurrence often dictates the measure of the substantive answer received. Likewise, a “pro forma” continuance can also have profound substantive effect. A lawyer given 1 day to respond to a brief will offer a different level of response than one given 2 weeks. When viewed from an accused’s perspective, a. continuance can have a profound substantive consequence, depending on the skill, experience, and workload of his or her lawyer.
Whether or not the Appellate Government Division’s actions were non-substantive in this case, Colonel Dorman’s unrebutted affidavit and the majority opinion make clear that he took no action whatsoever involving this case. Colonel Dorman did not participate as counsel or express an opinion concerning the merits of this case. Further, while he set office policies and made clear to his subordinates that he was in command of the appellate government ship, the policy in question was applicable to all cases and, once established, did not require Colonel Dor-man’s concurrence or consent before it was applied to particular cases. Therefore, Judge Dorman’s impartiality cannot reasonably be questioned under § 455(a), unless we adopt an appearance standard that posits an inherent issue of partiality whenever an appellate government attorney subsequently serves as a judge of the Court of Criminal Appeals.
Of course, there may be a difference between what is legally required and what is prudent. I readily agree with the majority that the difficulty in applying § 455(a) would be avoided if judges appointed to the Courts of Criminal Appeals after prior appellate division service recused themselves from cases that were pending during their tenure in the division.
SULLIVAN, Judge (dissenting):
I write to reaffirm my position in the Lynn case. See United States v. Lynn, 54 MJ 202, 207 (2000)(Sullivan, J., dissenting). Here, Colonel Dorman was the Chief of the Appellate Government Division when his government subordinate filed opposition to two of appellant’s motions in this case. Judge Dor-man thus later sat on a case in which he had a prior direct supervisory-attorney role. In my view, this contravenes Congress’ will as reflected in 28 USC § 455(b)(3) and 455(a). See United States v. Ampriester, 37 F.3d 466 (9th Cir.1994). In addition, the acknowledged filing of opposing legal documents by the Appellate Government Division in this case was more compelling than the Lynn case and warranted relief under the rationale of that case. I would remand this case.
As such, I respectfully dissent.