**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5118**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RUSSELL EARL MILLER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (CR-04-256)

Argued: February 1, 2007                    Decided: March 8, 2007

Before WIDENER, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Edward Theodore Hinson, Jr., JAMES, MCELROY & DIEHL, P.A., Charlotte, North Carolina, for Appellant. Matthew Theodore Martens, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Gretchen C. F. Shappert, United States Attorney, Kimlani Murray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This is an appeal from a guilty plea and resulting 135-month sentence for two child pornography-related offenses. Russell Earl Miller ("Appellant") argues that District Court Judge Robert Conrad erred both by not recusing himself from the sentencing phase of this matter and by imposing a sentencing enhancement based on a contested fact. For the reasons that follow, we affirm.

I.

In a case that eventually came before Judge Conrad for sentencing, Appellant pleaded guilty to a bill of information charging him with possession and distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252A(a)(5)(B). The charges resulted from an FBI investigation that discovered numerous images of child pornography in Appellant's possession.

Because Appellant contends that Judge Conrad's tenure as a United States Attorney, a post he held in the Western District of North Carolina from 2001 to 2004, calls his impartiality into question, we recount the relevant dates of this proceeding. The FBI began investigating Appellant on May 10, 2004 and the U.S. Attorney's office opened a corresponding file on June 28, 2004. Judge Conrad left the U.S. Attorney's office on June 1, 2004 to enter private practice. Appellant alleges no facts to suggest that

2

Judge Conrad was aware of or had any involvement with this case while serving as United States Attorney.

On September 23, 2004, Assistant United States Attorney ("AUSA") Brian Cromwell signed the two-count information against Appellant. The next day, Appellant pleaded guilty and signed a plea agreement. In the agreement, Appellant retained his right to appeal errors at sentencing and stipulated that his offenses involved at least 300 but fewer than 600 images of child pornography for purposes of U.S.S.G. § 2G2.2 (2003) (consolidated with U.S.S.G. § 2G2.2 and deleted 2005).

Several months later, Cromwell left the U.S. Attorney's Office to join the same private law firm where Judge Conrad was then practicing. Appellant does not contend that Cromwell ever discussed this case with Judge Conrad after leaving his position as AUSA. Judge Conrad received his commission as a federal district court judge on June 2, 2005 and, sometime thereafter, was assigned to hear Appellant's case for sentencing. Appellant filed a motion, which Judge Conrad denied, seeking his recusal.

In preparation for sentencing, the Probation Office prepared a pre-sentencing report ("PSR") that indicated Appellant's offense involved either 4,270 or 4,720 images of child pornography (the PSR contained both numbers in different places).[1] Appellant objected

---

[1]This inconsistency is, at most, a scrivener's error that is of no substantive import because either figure satisfies the "600 or more images" threshold for application of the maximum five-level

3

to that aspect of the PSR. At Appellant's sentencing hearing, Judge Conrad asked the parties whether he should use the number of images identified in the PSR to calculate Appellant's sentence, rather than the number of images stipulated to by the parties. Appellant objected to use of the number of images in the PSR. The use of 4,720 images would have resulted in an offense level of 32 and a guidelines range of 121 to 151 months' imprisonment.[2] The use of 300 to 600 images would have resulted in an offense level of 31 and a guidelines range of 108 to 135 months.

Rather than making a specific finding on the number of images, Judge Conrad sentenced Appellant to 135 months, stating that he would have done so under a total offense level of either 31 or 32 (i.e., regardless of whether he used the 4,720 figure or the 300 to 600 range) because it was a reasonable sentence. J.A. 102. This appeal followed.


                                II.

Appellant challenges his sentence based on Judge Conrad's denial of his motion to recuse and the number of images Judge Conrad used for sentencing purposes. We consider each contention in turn.

---

enhancement. U.S.S.G. § 2G2.4(b)(5)(D) (2003).

[2]Appellant was assigned a criminal history category of I.

4

A.

1.

Appellant's recusal argument is predicated on two grounds. Appellant first argues that Judge Conrad should have recused himself under 28 U.S.C. § 455(a) because "his impartiality might reasonably be questioned" based on his former position as United States Attorney and later private practice with an AUSA who had worked on Appellant's case. This argument fails.

The need to recuse is measured by an objective standard that "asks whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses all the facts and circumstances." United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998) (internal quotation omitted). A judge need not "recuse himself because of unsupported, irrational, or highly tenuous speculation." Id. at 287 (internal quotation omitted). "[T]o constitute grounds for disqualification, the probability that a judge will decide a case on a basis other than the merits must be more than trivial." Id. (internal quotation omitted).

Appellant's argument here relies on unsupported speculation that Judge Conrad's former position as United States Attorney and his private association with an AUSA involved in Appellant's prosecution calls Judge Conrad's impartiality into question. Absent any allegation to suggest that Judge Conrad was even aware of this case prior to taking the bench, however, we cannot conclude

that a reasonable observer would question his impartiality. Appellant acknowledges that there is no indication that Judge Conrad was involved in the prosecution, knew of it, received any information about it, or formed an opinion regarding it. Under such circumstances, the mere facts of Judge Conrad's government service and private association with an AUSA who worked on this matter are insufficient to justify his recusal.

2.

Appellant next argues that Judge Conrad should have recused himself under § 455(b)(3), which requires recusal

> [w]here [a judge] has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy[.]

28 U.S.C. § 455(b)(3). Appellant contends that this provision applies because Judge Conrad was a United States Attorney while the FBI investigated Appellant. This argument also lacks merit.

Appellant presents no support for his expansive view that a United States Attorney "participate[s] as counsel" to the FBI with respect to every investigation it conducts, nor can we find any. The U.S. Attorney's Office and the FBI are organizationally distinct, and we can perceive no basis in the relationship between the two to warrant viewing the United States Attorney as "counsel, adviser or material witness" in an investigation prior to the arrival of the matter in his or her office.

6

The two cases on which Appellant relies do not compel a different conclusion. In both United States v. Arnpriester, 37 F.3d 466, 467 (9th Cir. 1994) and United States v. Amerine, 411 F.2d 1130, 1133-34 (6th Cir. 1969), the district judge should have recused himself because he had been the United States Attorney while the case was under either investigation or active prosecution by his office. The present case is easily distinguishable from both; this matter was not referred to the U.S. Attorney's office until three weeks after Judge Conrad left for private practice.

Accordingly, we find no error in Judge Conrad's refusal to recuse himself under § 455(b)(3).

B.

Miller next argues that, because the parties stipulated that only 300 to 600 images should be considered at sentencing, Judge Conrad erred by applying a five-level enhancement based on a finding that the case involved 4,720 images of child pornography. See U.S.S.G. § 2G2.4(b)(5)(D) (2003) (imposing a five-level enhancement for "600 or more images"). We note initially that Appellant agreed that the district court was not bound by any of the stipulations in the revised plea agreement. J.A. 159. Had the district court applied the number of images agreed to by the parties, Appellant only would have received a four-level enhancement. See U.S.S.G. § 2G2.4(b)(5)(C) (2003) (imposing a

7

four-level enhancement for "at least 300 images, but fewer than 600"). However, in light of the district court's statement that it would enter identical sentences regardless of whether it applied the four- or five-level enhancement, any error in Judge Conrad's use of the higher number of images is harmless.

Errors in sentencing are subject to harmless error review, and will be vacated only if the error affects the defendant's substantial rights. United States v. Rodriguez, 433 F.3d 411, 416 (4th Cir. 2006). The burden is on the government to establish that an error is harmless. Id. Although not directly applicable, this court has recognized that the use of alternative sentences renders harmless both constitutional and statutory error under United States v. Booker, 543 U.S. 220 (2005) where one sentence is infected with error and the other is not. See United States v. Shatley, 448 F.3d 264, 267 n.* (4th Cir. 2006) (collecting cases dealing with alternative sentences in the Booker context). Given that alternative sentences are sufficient to render Booker error harmless and that Appellant does not otherwise challenge his sentence, we conclude that any error in the district court's application of the § 2G2.4(b)(5)(D) enhancement is harmless based on its indication that it would, in its discretion, impose an identical sentence if it applied the § 2G2.4(b)(5)(C) enhancement.

III.

Based on the foregoing, Appellant Russell Earl Miller's sentence is

AFFIRMED.

9