FILED

NOT FOR PUBLICATION

MAY 21 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10343 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00066-BES-RAM-1 |
| v. | |
| DARIN JEROME FRENCH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Brian E. Sandoval, District Judge, Presiding

Argued and Submitted May 10, 2010
San Francisco, California

Before: SILVERMAN, FISHER and M. SMITH, Circuit Judges.

Defendant-Appellant Darin French appeals his conviction and sentence. As the facts and procedural history are familiar to the parties, we recite them here only as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

## 1. Sufficiency of the Evidence

A jury found French guilty on thirty-six counts of violating 18 U.S.C. § 1343 (wire fraud) for his participation in a scheme to defraud Maytag-Whirpool by electronically submitting false claims for payment of repair services on warrantied Maytag appliances. French primarily argues that the evidence was insufficient to prove that *he* was the culprit in the admittedly fraudulent scheme, and that, consequently, the district judge erred in denying his motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29.

However, undisputed evidence showed that French was the owner of the appliance repair business involved in submitting the false claims, and was in control of the bank account into which the fraudulently obtained funds were directly deposited. Also, undisputed evidence involving his blatantly incredible and dishonest responses to Maytag's claims investigator strongly showed his consciousness of guilt. Considering the evidence as a whole, and construing it in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond any reasonable doubt that French was personally involved with and aware of the fraud scheme and had the specific intent to defraud. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

## 2. Motion for Reconsideration

French filed a motion for reconsideration of the district court's order denying his motion for new trial. French's motion was timely because he brought it within the time to appeal the denial of his motion for new trial. *See United States v. Healy*, 376 U.S. 75, 78 (1964); *United States v. Lefler*, 880 F.2d 233, 234 (9th Cir. 1989) ("[F]or a motion for reconsideration to extend the time for appeal [it] must be filed within the period during which an appeal could have been noticed from the original order . . . ."). The district court concluded that French's motion was based entirely on evidence that French either knew of during the trial or could have discovered with due diligence. Such evidence is not a proper basis for a motion for reconsideration. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262–63 (9th Cir. 1993). The district court therefore did not abuse its discretion in denying the motion.

**3.  Sentencing**

French next argues that the district court should have calculated the amount of the loss for sentencing purposes according to the amount he gained from the fraud.

However, the sentencing court is required to base the defendant's sentence on an estimate of loss the defendant caused or intended to cause to the victim. U.S.S.G. § 2B1.1, cmt. 3. The defendant's gain is the appropriate measure only

3

where the loss is not ascertainable. *Id.* Here, French's crime involved transfers of known sums of money into French's company's bank account. The amount lost to Maytag is therefore readily determinable and is the appropriate measure of loss.

Further, the district court's adoption of the $353,000 figure as the amount of the loss was not clearly erroneous, as it was the figure best supported by the evidence. *See United States v. Showalter*, 569 F.3d 1150, 1159–61 (9th Cir. 2009).

**4. Recusal**

French lastly argues that the district judge, Judge Brian Sandoval, should have recused himself. Judge Sandoval had previously served as the Nevada Attorney General. During the time of his tenure as the Nevada Attorney General, that office investigated French in connection with another fraud case.

Judge Sandoval did not abuse his discretion in declining French's request for recusal. *This* case was investigated and prosecuted well after Judge Sandoval was appointed to the bench, so Judge Sandoval did not participate in, or have knowledge of, this case, and no such participation and knowledge can be imputed to him. He was therefore not required to recuse himself under 28 U.S.C. § 455(b)(3). *Cf. United States v. Arnpriester*, 37 F.3d 466, 467 (9th Cir. 1994) (requiring recusal of former United States Attorney from presiding over a case his office prosecuted).

4

Further, Judge Sandoval was not required to recuse himself under § 455(a) because a reasonable person knowing all the facts would not have reason to question his impartiality. Judge Sandoval's choice to recuse himself in an unrelated fraud case because of implied bias and concerns about jury perceptions does not necessarily carry over to this case simply because French is a defendant in both cases. *See United States v. Silver*, 245 F.3d 1075, 1080 (9th Cir. 2001) (holding that recusal was not required where district judge was linked to an investigation of the same defendant for factually and temporally unrelated crimes). Under the circumstances, Judge Sandoval's decisions not to order a new trial and not to recuse himself from sentencing were not abuses of discretion.

The judgment and sentence are **AFFIRMED.**