**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10294 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-0006-LRH-RAM |
| v. | MEMORANDUM[*] |
| DARIN JEROME FRENCH, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted September 12, 2012
San Francisco, California

Before: ALARCÓN, GRABER, and BERZON, Circuit Judges.

Darin Jerome French ("French") appeals from his conviction and sentence

for mail fraud, wire fraud, and money laundering resulting from his role in a

scheme that defrauded Internet customers out of over a million dollars. French

contends there was insufficient evidence to support his mail and wire fraud

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

convictions, the jury was instructed improperly on the money laundering counts, and his 150-month sentence was unreasonable. We affirm in part, reverse in part, and remand.

## I

French argues that insufficient evidence supported the jury's verdict on the mail and wire fraud counts because the Government did not meet its burden of proving that he intended to defraud his customers. "'Claims of insufficient evidence are reviewed de novo.'" *United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008) (quoting *United States v. Shipsey*, 363 F.3d 962, 971 n.8 (9th Cir. 2004)). If, however, "a defendant does not preserve a claim of sufficiency of the evidence by failing to make a motion for acquittal at the close of the evidence, the review is deferential, requiring reversal only upon plain error or to prevent a manifest injustice." *United States v. Delgado*, 357 F.3d 1061, 1068 (9th Cir. 2004). French did not file a Rule 29 motion for acquittal. He contends that his wife's pro se Rule 29 motion should be construed as having been filed on his behalf.[1] We need not decide whether his contention is correct, because his challenge fails under either de novo or plain error review. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the

_____

[1] French's wife was a co-defendant.

2

prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

French contends that the evidence did not establish that he had a specific intent to defraud, which is an element of both mail and wire fraud.[2] *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004) (listing elements of mail fraud under 18 U.S.C. § 1341); *Shipsey*, 363 F.3d at 971 (listing elements of wire fraud under 18 U.S.C. § 1343). The Government presented evidence at trial of French's fraudulent intent. French responds that there also was evidence that showed he did <u>not</u> intend to defraud anyone.

French misconstrues the relevant inquiry on a sufficiency of the evidence challenge. The inquiry is whether there is evidence to support the conviction, not whether there is evidence that arguably could support an acquittal. *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). After viewing the evidence in the light most favorable to the Government, we are persuaded that any rational trier of fact could have found evidence of French's intent to defraud beyond a reasonable doubt. Accordingly, French's sufficiency of the evidence challenge fails under either de novo or plain error review.

------

[2]Congress amended the mail and wire fraud statutes in 2008. 18 U.S.C. §§ 1341, 1343 (2008). The amendments do not affect the issues on appeal.

## II

French contends further that the jury was instructed improperly on the money laundering counts because the trial court failed to define "proceeds" as "profits." French concedes that he failed to interpose a timely objection to the jury instructions. Thus, we review for plain error. *United States v. Moran*, 493 F.3d 1002, 1009 (9th Cir. 2007) (per curiam).

"In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation." *United States v. de Cruz*, 82 F.3d 856, 864 (9th Cir. 1996) (citing *United States v. Joetzki*, 952 F.2d 1090, 1095 (9th Cir. 1991)). "Any omission or misstatement of an element of an offense in the jury instructions is constitutional error . . . ." *United States v. Kilbride*, 584 F.3d 1240, 1247 (9th Cir. 2009).

The Supreme Court has rejected the contention that "proceeds" *always* means "profits" under the money laundering statute.[3] *United States v. Santos*, 553 U.S. 507, 511-12 (2008). In *Santos*, a plurality of the Supreme Court explained that "'[p]roceeds' can mean either 'receipts' or 'profits.'" *Id.* at 511. We have construed "the holding that commanded five votes in *Santos* as being that 'proceeds' means 'profits' where viewing 'proceeds' as 'receipts' would present a 'merger' problem of the kind that troubled the plurality and concurrence in *Santos*." *United States v. Van Alstyne*, 584 F.3d 803, 814 (9th Cir. 2009). In *Van Alstyne*, we overturned two of the defendant's money laundering convictions because the monetary transfers were a central component of the defendant's scheme and, thus, presented a merger problem. *Id.* at 815-16.

The jury convicted French of three money laundering counts. The convictions were based on the following transfers: (1) the June 15, 2004 transfer of

---

[3]Congress amended the money laundering statutes in 2009 to define "proceeds" as "any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity." 18 U.S.C. §§ 1956(c)(9), 1957(f)(2)-(3) (2009). The amendments effectively overruled *Santos*, but neither party contends the amendments are retroactive. *See* Fraud Enforcement and Recovery Act of 2009, Pub. L. No. 111-21, 123 Stat. 1617; *see, e.g.*, *United States v. Walker*, 392 F. App'x 919, 928 n.11 (3d Cir.), *cert. denied*, 131 S. Ct. 542 (2010) ("In 2009, Congress legislatively overruled *Santos* by amending § 1956 . . . ."). All citations to §§ 1956 and 1957 are to the pre-amendment versions effective in 2003 and 2004.

$51,000 from Look What We Got!, LLC ("LWWG") to the Frenches' joint account for the purchase of the 2004 Bayliner Trophy boat; (2) the July 28, 2004 transfer of $30,000 from LWWG to the Frenches' joint account for the purchase of a Ford F250 pickup truck; and (3) a series of four transfers between August 5, 2004, and August 19, 2004, from LWWG to French's E-Trade brokerage account to purchase stock.

French contends that these transfers were central to the alleged fraudulent scheme and, thus, the failure to define "proceeds" as "profits" presented a merger problem. French's defense was that the truck and boat *were* part of the scheme because the truck was purchased to make appliance deliveries and the boat was used to entertain high-end developers who might be potential customers. The Frenches continued to try to acquire appliance inventory after the truck purchase, and the jury heard testimony that one developer was entertained on the boat. Whether the expenditures for the truck and the boat "merged" with the basic fraud scheme therefore depends on an assessment of the evidence. But assessment of the evidence is for the jury. Without having been asked whether the use of the truck and the boat were integral to the fraud scheme, the jury had no opportunity to answer the question. The jury should have been instructed that *if* it concluded that

6

the two purchases were integral to the scheme, then there could be no money laundering conviction.

French has shown that defining "proceeds" as "profits" was required to avoid a merger problem with respect to the transfers related to the boat and the truck. We also find that the error was plain, affected French's substantial rights, and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Moreland*, 622 F.3d 1147, 1166-67 (9th Cir. 2010) ("An error prejudices the substantial rights of a defendant when it affects the outcome of the proceedings.").

French has not established that the failure to define "proceeds" as "profits" presented a merger problem with respect to the transfers of money to the E-Trade brokerage account. There is no evidence that these transfers were part of the scheme. *See United States v. Mason*, 902 F.2d 1434, 1438 (9th Cir. 1990) ("A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it . . . has some foundation in the evidence."). French contends that he used the E-Trade account to hold customers' funds pending the purchase of their appliances. Yet, he did not simply hold his customers' money in that account; he used it to purchase stock.

We therefore reverse the convictions on the money laundering counts concerning the boat and the Ford F250 pickup truck, but affirm the conviction on the money laundering count concerning the E-Trade account.

**III**

French maintains that the district court erred in imposing a sentence of 150-months because it should have run concurrent to his prior felony fraud conviction, and the inclusion of the money laundering counts led to a radical increase in his sentence. We review the reasonableness of a defendant's sentence for abuse of discretion. *United States v. Whitehead*, 532 F.3d 991, 993 (9th Cir. 2008) (per curiam).

The review of a sentence "involves a two-step determination." *United States v. Collins*, 684 F.3d 873, 887 (9th Cir. 2012). First, we "review the sentence for any significant procedural errors." *Id.* "As a matter of procedural due process, 'a sentencing judge must explain a sentence sufficiently to communicate that a reasoned decision has been made and permit meaningful appellate review.'" *Id.* (quoting *United States v. Rudd*, 662 F.3d 1257, 1260 (9th Cir. 2011) (internal quotation marks omitted)). Next, we "review the sentence for its substantive reasonableness, accounting for the 'totality of the circumstances' presented to the

8

district court." *Id.* (quoting *United States v. Blinkinsop*, 606 F.3d 1110, 1116 (9th Cir. 2010), *cert. denied*, 132 S. Ct. 1055 (2012)).

French has not established that the district court made any significant procedural errors in rendering its sentencing decision. The record shows that the district court considered French's arguments and explained the basis for its decision.

French has failed to demonstrate that the district court erred in concluding that the sentence was substantively unreasonable. A district court has the discretion to impose consecutive rather than concurrent sentences within a statutory range. *United States v. Fifield*, 432 F.3d 1056, 1066-67 (9th Cir. 2005). The U.S. Sentencing Guidelines provide that if a defendant is already subject to an undischarged term of imprisonment for "relevant conduct" and that conduct was used to increase the offense level for the instant offense, the court should order the sentence to run concurrently with the undischarged term. U.S. Sentencing Guidelines Manual § 5G1.3 (2010).

French has not demonstrated that his prior felony fraud conviction was for relevant conduct. French's prior felony conviction was for "thirty-six counts of violating 18 U.S.C. § 1343 (wire fraud) for his participation in a scheme to defraud Maytag-Whirlpool by electronically submitting false claims for payment of repair

9

services on warrantied Maytag appliances." *United States v. French*, 380 F. App'x 602, 603 (9th Cir. 2010) (unpublished). French has not established that this conviction is in any way related to his current convictions.

The record does not support French's contention that the money laundering convictions led to a radical increase in his maximum sentence. The statutory maximum sentence for *each* of French's mail and wire fraud convictions was 240 months in prison. *See* 18 U.S.C. § 1341 (providing a maximum sentence of twenty years for mail fraud); 18 U.S.C. § 1343 (providing a maximum sentence of twenty years for wire fraud). French's within-Guidelines sentence of 150 months was well below the maximum sentence.

Because French has not shown that his sentence in this matter should have run concurrent to his prior felony conviction nor that the money laundering convictions radically increased his maximum sentence, he has not demonstrated that the trial court's sentencing decision was unreasonable.

**AFFIRMED in part; REVERSED in part; REMANDED.**